JOSIE RING ET AL. v. B. J. WILLIAMS ET AL.

No. 1562.

**Exemptions—Sale for Taxes.**

The exemption provided by Rev. Stats., art. 5065, is from taxation, not from sale for taxes due by the owner, to which all personal property is liable under art. 5176. A sewing machine belonging to a married man having less than two hundred and fifty dollars in value of household and kitchen furniture can be sold for his poll tax.

APPEAL from County Court of Hunt County. Tried below before Hon. W. H. RAGSDALE.

*John I. Nicholson,* for appellants, cited, Const., art. 8, sec. 1; Cooley, Const. Lim., 337, 338, 632, 633.

*Sherrell & Heffner* and *C. E. Mead,* for appellees, cited, Const., art. 8, sec. 15; Sayles' Civ. Stats., art. 4746a; Roberts v. Yarboro, 41 Texas, 449; Railway v. Maguire, 20 Wall., 46; Cooley on Taxation, 204; 1 Destey on Taxation, 132, 133; Railway v. Lesueur, 1 Law. Rep. Ann., 244.

FISHER, CHIEF JUSTICE.— *Opinion.*—Appellants Ring sued appellee Williams and the sureties on his collector's bond for damages for the value of a sewing machine and for exemplary damages resulting from the seizure of the same. Williams as tax collector of Hunt County seized, levied upon and sold for the poll taxes due by J. A. Ring, a sewing machine, the property of Ring, he being at the time a married

man and head of family, and not having over two hundred and fifty dollars' worth of household and kitchen furniture including the machine. The court below sustained a demurrer to plaintiff's petition and from this judgment they appeal.

The sole question to be decided is, whether or not the sewing machine was subject to sale for the taxes due by appellant. The law exempts from taxation to each family two hundred and fifty dollars worth of household and kitchen furniture, including one sewing machine. Revised Statutes, art. 5065. Art. 5176 makes liable for all taxes due, including poll tax, all of the real and personal property of the delinquent. There is another provision of the law that makes the homestead liable only for the taxes due upon it.

These provisions of the law cited are from the present Revised Statutes, which are the same in effect as the law existing when the levy and sale was made, as complained of in this case.

The exemption mentioned in the first article quoted is from taxation, not from liability for taxes due, and the right granted by the article is consistent with the liability created by article 5176. Exempting this property from the burden of taxation did not have the effect of exempting and relieving it from liability in other respects created by law. There was no error in sustaining the demurrer, therefore the judgment is affirmed.

*Affirmed.*

Decided May 13, 1896.