CARL RYDER, SHERIFF, APPELLANT, V. DANIEL W. LIVINGSTON, APPELLEE.

18 N. W. 2d 507

FILED APRIL 20, 1945. No. 31909.

*Bernard M. Spencer* and *Harvey A. Neumeister*, for appellant.

*Lloyd E. Peterson* and *Betty Jean Peterson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Otoe county holding that personal property exempt from taxation is exempt from sale for the payment of delinquent taxes assessed against nonexempt property.

The record shows that the county treasurer of Otoe county issued a distress warrant for the collection of personal

taxes against the defendant for the years 1931 to 1942, inclusive, in the total sum of $351.45. Defendant was advertising his property for public sale and, in order to avoid a levy and sale by distress, entered into a stipulation permitting the public sale, but impounding the proceeds amounting to $214.04 in the hands of the sheriff until the proper disposition thereof could be ascertained. It is agreed that the property sold was household goods and that it was exempt from taxation to the extent of $200 as provided by section 2, art. VIII, Constitution, and section 77-202, R. S. 1943. Some complaint is made as to the regularity of the assessment of the taxes and the sufficiency of the levy of the distress warrant upon the property. We think these objections have been waived by the defendant by entering into the stipulation providing for the disposition of the matters involved. The only question for our consideration, and it appears to be one of first impression in this state, is whether property exempt from taxation is exempt from sale for taxes assessed against other taxable property.

"Taxes are the enforced proportional contributions from persons and property, levied by the state by virtue of its sovereignty for the support of government and for all public needs." 1 Cooley, Taxation, sec. 1, p. 61. The same authority defines taxation as follows: "Taxation is a mode of raising revenue for public purposes. The term is ordinarily used to express the exercise of the sovereign power to raise a revenue for the expenses of the government." 1 Cooley, Taxation, sec. 7, p. 72. For the purposes of the present case these definitions are adequate. It must be borne in mind, also, that the power to tax is an essential and inherent attribute of sovereignty, belonging as a matter of right to every independent government. It being a sovereign power, constitutional provisions relating to the power of taxation do not operate as grants of the power of taxation to the government, but are limitations merely upon a power which would otherwise be unrestricted. Consequently, it is a general rule that the power of taxation is all inclusive except as restricted by constitutional limitations, express or implied.

The exemption of household goods of the value of $200 is therefore a constitutional limitation upon the power to tax. Section 77-205, R. S. 1943, provides that personal property taxes levied shall be due and payable on November 1 next following the date of levy thereof, and from that date shall be a first lien upon the personal property of the person to whom assessed until paid. We have construed this section of the statute and held that the statutory first lien for taxes upon the personal property of the person to whom assessed is not confined to the specific article of personal property assessed, as it is in the case of real property, but that it attaches to every variety of personalty, including that subsequently acquired and belonging to the tax debtor on November 1 next following the date upon which the same are levied and until paid. This has been held to apply even where the property would be exempt from levy and sale to satisfy a judgment creditor. *Landis Machine Co. v. Omaha Merchants Transfer Co.*, 142 Neb. 397, 9 N. W. 2d 198.

It is evident that the applicable provisions of section 2, art. VIII of the Constitution limits the taxing power only to the extent of exempting from taxation household goods of the value of $200 to each family. Such limitations upon the power to tax, it being a sovereign power, must be strictly construed. No other statutory or constitutional provision is pointed out which purports to expressly exempt such household goods from seizure and sale for the payment of delinquent taxes assessed against other property not exempt from taxation. It is argued that the use of the term "shall be exempt from taxes" in section 77-202, R. S. 1943, implies a different meaning than the term "shall be exempt from taxation" contained in section 2, art. VIII of the Constitution. The latter section of the Constitution further states that "No property shall be exempt from taxation except as provided in this section." We think this provision, when considered with the fact that the exemption of household goods is a self-executing provision, implies that the same meaning was meant by both expressions.

We do not think that any form of exemption either in the

assessment and levy of taxes or from the sale of property for their payment can be sustained unless constitutional or statutory provisions clearly so provide. This seems to be the general rule announced in the few cases found upon the subject. In *Ring v. Williams,* 13 Tex. Civ. App. 609, 35 S. W. 733, the court said: "The exemption mentioned in the first article quoted is from taxation, not from liability for taxes due, and the right granted by the article is consistent with the liability created by article 5176. Exempting this property from the burden of taxation did not have the effect of exempting and relieving it from liability in other respects created by law." In *Reams v. McHargue,* 111 Ky. 163, 63 S. W. 437, it was said: "The fact that $250 worth is exempt from taxation does not at all imply or provide that it shall be exempt from sale for such taxes as the owner may in fact owe." In 61 C. J., sec. 1354, p. 1041, it is said: "The personal property of the taxpayer is the primary fund out of which all his taxes are to be collected, and for this purpose almost every variety of personal property is subject to compulsory process, provided it is found within the district in which the collector's authority runs, and he is not restricted to those particular articles on which the particular assessment was laid or on which a particular tax lien rests. Except as specifically provided for by statute, as a general rule there is no exemption of any class or kind of personalty from distress or seizure for taxes; and it is immaterial that the property in question may be by law exempt from levy and sale on ordinary executions, or even that it was exempted by statute from taxation, or otherwise was not subject to taxation at the time of the assessment, * * * ." This interpretation is so fundamentally sound that the citation of further authority is not required. It seems to be borne out by the legislature itself when it provided in article 15, chapter 25, R. S. 1943, covering the subject of Executions and Exemptions, that "Nothing in this chapter shall be considered as exempting any real or personal property from levy and sale for taxes." R. S. 1943, sec. 25-1555.

We conclude therefore that the trial court was in error in

holding that the self-executing provision of section 2, art. VIII of the Constitution, or the legislative incorporation of such provision into our statutes by section 77-202, R. S. 1943, exempting from taxation household goods of the value of $200 to each family, has the further effect of exempting such exempt property from sale for the payment of delinquent taxes properly assessed on other property of the tax debtor.

REVERSED.