ADAMS, County Treasurer, v. O'MALLEY, Collector of Internal Revenue.

No. 14116.

United States Court of Appeals
Eighth Circuit.

June 22, 1950.

Henry C. Winters, Deputy County Attorney of Douglas County, Nebraska, Omaha, Neb. (James J. Fitzgerald, County Attorney of Douglas County, Nebraska, Omaha, Neb., on the brief), for appellant.

Carlton Fox, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner and Homer R. Miller, Sp. Assts. to the Atty. Gen., and Joseph T. Votava, U. S. Atty., Omaha, Neb. on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is a controversy between the County of Douglas, Nebraska, and the United States over the priorities of their respective tax liens in the bankruptcy proceedings of Empire Contractors, Inc. The Referee in Bankruptcy and the District Court, on review of his order, determined that the liens of the United States for social security and withholding taxes were entitled to priority over the liens of the County for personal property taxes. The trustee in bankruptcy was therefore directed to apply the funds in his hands, which were insufficient to pay the liens in full, toward the payment of the liens of the United States. This appeal was taken by the County from the judgment affirming the order of the Referee.

The facts, which were stipulated, may be summarized as follows: Empire Contractors, Inc., was adjudged a bankrupt on January 22, 1948, and a trustee was elected, and qualified. The County filed its claim for personal property taxes for the years 1944 to 1948, inclusive, in the amount of $2,261.06 and interest, alleging that the taxes were first liens upon all of the personal property of the bankrupt, under § 77-205, Revised Statutes of Nebraska 1943.[1]

1. 4 Revised Statutes of Nebraska, 1943: § "77-205. *Personal property taxes; when due; first lien.* All general personal property taxes levied for the state, or for any county, city, village or other political subdivision therein, shall be due and payable on November 1 next following the date of levy thereof, and from that date shall be a first lien upon the personal property of the person to whom assessed until paid."

The Collector of Internal Revenue, on behalf of the United States, filed a claim for withholding and social security taxes for the taxable periods ended June 30, 1944, to December 31, 1947, inclusive, in the total amount of $6,698.40 and interest. The Collector later filed an additional claim for social security taxes for 1947 in the amount of $35.95 and interest. These federal taxes were liens by virtue of §§ 3670 and 3671 of the Internal Revenue Code, Title 26 U.S.C.A. §§ 3670, 3671.

The trustee converted the bankrupt's assets into cash, and, after paying all costs and claims superior to those of the County and the United States, had on hand $1,869.82 available for the payment of tax lien claimants, the number of which was ultimately reduced to two, namely, the County and the United States.

The claim of the County is a valid claim and represents liens for taxes duly assessed and levied by the taxing authorities of the State of Nebraska, and of Douglas County and the City of Omaha, the total amount of the County's claim with interest as of April 18, 1949, being $2,591.13. Distress warrants for the County's taxes were duly issued, but no levies were made under such warrants prior to bankruptcy of Empire Contractors, Inc.

The claims filed by the Collector of Internal Revenue are valid tax lien claims, and on April 18, 1949, there was due the United States thereon $5,581.73.

The determination of the Referee that the liens of the United States are superior to those of the County is based upon the proposition that § 3466 of the Revised Statutes of the United States, 31 U.S.C.A. § 191, is applicable to bankruptcy proceedings and is controlling. That section provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The Referee, in support of his decision, cited United States v. State of Texas, 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356; State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312; United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294; Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348, none of which dealt with bankruptcy proceedings. Upon review of the Referee's order, the District Court affirmed without opinion. It is apparent that the only question passed upon by the Referee and the District Court is whether, because of R.S. § 3466, 31 U.S.C.A. § 191, the tax liens of the United States were superior to the tax liens of the County.

The United States now virtually concedes that R.S. § 3466, 31 U.S.C.A. § 191, upon which the Referee relied, is inapplicable to proceedings in bankruptcy. In a footnote on page 7 of the Government's brief, it is stated: "Section 3466 probably does not apply in bankruptcy proceedings in determining priorities of lien claimants. It is clear that priorities of unsecured prior claimants are determined under Section 64a, Bankruptcy Act, as amended. [11 U.S.C.A. § 104, sub. a]. Guarantee Title & Trust Co. v. Title Guaranty Co., 224 U.S. 152, 32 S.Ct. 457, 56 L.Ed. 706. See In re Taylorcraft Aviation Corp., 6 Cir., 168 F.2d 808. Moreover, Section 3466 does not create a lien but establishes a priority right. Bramwell v. U. S. Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368. Thus the referee was apparently technically in error in his conclusions that this case is governed by Section 3466. But, as we will show, the principles of cases decided under Section 3466 have a close analogy here."

The United States, in its brief, now states its position to be as follows:

"Section 67b, Bankruptcy Act, as amended [§ 107b, Title 11, U.S.C.A.[2]] provides that statutory liens including liens of the United States and states or subdivisions thereof are valid against the trustee in bankruptcy even though arising within four months of the petition in bankruptcy. If such liens are not perfected before bankruptcy they still may be valid if within the time permitted by law they are perfected. If seizure is required to perfect them they may be perfected by filing notice with the court. Under the Nebraska decisions seizure is apparently unnecessary to give the County a lien on all personal property of debtor. The lien is provided for under Section 77.205 [R.S.Neb., 1943], and under state law arises on November 1st following the levy and attaches to all personal property of debtor apparently without seizure being required, as against other private statutory or contractual lienholders. Ryder v. Livingston, 145 Neb. 862, 18 N.W.2d 507, 159 A.L.R. 458. It seems that the problem here turns primarily on whether the state law is controlling in fixing the priorities of the parties or whether, as was decided below, the court should follow the principles laid down and adjudicated by the federal cases such as those decided under Section 3466, Revised Statutes [31 U. S.C.A. § 191], which hold that inchoate liens of a state or county unperfected by seizure or segregation of a debtor's property before insolvency even though prior in point of time and recognized as valid against subsequent private lien claimants are not effective to defeat the liens or claims of the United States. It is our position that even though Section 3466 is inapplicable in determining priorities in straight bankruptcy, the rationale of cases under that section hereinafter discussed should be followed in determining priorities of liens under Sections 3670 and 3671 of the Internal Revenue Code.

"The argument that the unperfected or inchoate lienholders own an interest in the property and consequently subsequent liens of the United States should only attach to debtor's equity is similar to the argument that has been advanced and repeatedly rejected, as we will later show, in upholding the priority of the United States under Section 3466."

There can be no doubt, we think, that the Bankruptcy Act, as amended, provides a complete and exclusive system for administering and distributing the estates of bankrupts, and that, in distributing the assets of a bankrupt, the trustee is obligated to comply strictly with the provisions of the Act.

In New Jersey v. Anderson, 1906, 203 U. S. 483, 489, 27 S.Ct. 137, 139, 51 L.Ed. 284, the Supreme Court said: "The requirement of the present law [Bankruptcy Act of 1898, § 64, sub. a, 30 Stat. 563] is a wide departure from the Act of 1867 [14 Stat. 530, c. 176], and specifically obliges the trustee to pay all taxes legally due and owing, without distinction between the United States and the State, county, district or municipality."

2. Title 11 U.S.C.A.:
"§ 107.
     *     *     *     *     *     *
"b. The provisions of section 96 of this title to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12, or 13 of this title, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

In Guarantee Title & Trust Co. v. Title Guaranty & Surety Co., 1912, 224 U.S. 152, 160, 32 S.Ct. 457, 460, 56 L.Ed. 706, the Supreme Court, in rejecting the contention that §§ 3466, 3467 and 3468 of the Revised Statutes, 31 U.S.C.A. §§ 191–193, established the priority of the United States in a bankruptcy proceeding, said: " * * * The act [Bankruptcy Act of 1898] takes into consideration, we think, the whole range of indebtedness of the bankrupt—national, state and individual, and assigns the order of payment."

In State of Missouri v. Ross, 1935, 8 Cir., 80 F.2d 329, 331, this Court said: "The Bankruptcy Act deals specifically with the question of priority of claims, and by section 64, sub. b (6), 11 U.S.C.A. § 104, sub. b (6), provision is made for the payment of all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality. It seems clear that the specific provision for the payment of taxes does not contemplate any right of priority as between the various taxing districts."

The Supreme Court affirmed in 299 U.S. 72, p. 73, 57 S.Ct. 60, 61, 81 L.Ed. 46, saying: "The referee and both courts proceeded upon the theory that by section 64, sub. b, par. (6), of the Bankruptcy Act, all taxes, whether of the United States, state, county, district, or municipality, were placed on a parity. We agree with that view."

Section 64, sub. a, of the Bankruptcy Act, as amended, § 104, sub. a, Title 11 U.S.C.A., so far as pertinent, now provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) * * * ; (2) * * * ; (3) * * * ; (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: * * * ."

In 6 Am.Jur., Bankruptcy, § 394, page 766, it is said: " * * * Payment according to this provision [Bankr.Act, § 64 [sub.] a (11 U.S.C.A. § 104 [sub.] a)] is

not dependent upon the question whether the taxes are a secured debt, * * * . A claim for taxes due the United States from a bankrupt's estate has no priority over a claim for taxes due the state, but both must be paid pari passu."

In a footnote, the author of the text says (page 766 of 6 Am.Jur.): "The prevailing judicial opinion at the present time is that, as to estates in bankruptcy, the Bankruptcy Act supersedes Rev.Stat. § 3466, 31 U.S. C.A. § 191, and that the latter section does not apply in cases of bankruptcy. Hence, in cases of bankruptcy, the priority of taxes due to the United States is to be determined not by Rev.Stat. § 3466, but by Bankr.Act, § 64, sub. a, 11 U.S.C.A. § 104, sub. a."

See, also, Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979, 982; United States v. Sampsell, 9 Cir., 153 F.2d 731, 734; In re Taylorcraft Aviation Corp., 6 Cir., 168 F.2d 808, 810.

It is true that in United States v. Reese, 7 Cir., 131 F.2d 466, it was held that in a bankruptcy proceeding a tax lien of the United States for income taxes was entitled to priority over inchoate liens of the state for taxes, because of R.S. § 3466, 31 U.S.C.A. § 191. Apparently in that case the applicability of that section to bankruptcy proceedings was mistakenly taken for granted.

█ It is obvious that Section 64, sub. a, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 104, sub. a, makes no distinction between state and federal taxes. It is equally true, we think, that Section 67, subs b and c, of the Bankruptcy Act, being § 107, subs. b and c, of Title 11, U.S.C.A., does not give statutory tax liens of the United States priority over statutory tax liens of a state. Since state and federal taxes stand upon a parity in the distribution of the assets of a bankrupt, it would seem illogical that tax liens of the United States should be accorded priority over state tax liens.

At the time of the adjudication, all of the property of the bankrupt was subject to

liens for unpaid personal property taxes levied by the County by virtue of State law and to liens for unpaid United States taxes by virtue of federal law. Neither the State nor the United States had at that time foreclosed its liens or levied upon any specific property of the bankrupt.

The United States asserts that it should be given priority because its liens are specific and perfected, while those of the County are general and inchoate, since the County had not levied upon the property of the bankrupt prior to bankruptcy. It is unnecessary in this case to determine whether that would be of any importance, since, in our opinion, the statutory liens of the County were no more general and inchoate than were the liens of the United States; and, if a seizure was a prerequisite to the perfection of the County's liens, they were perfected after bankruptcy by the filing of notice with the court as permitted by § 67, sub. b, of the Bankruptcy Act, § 107, sub. b, of Title 11 U.S.C.A.

Our conclusion is that R.S. § 3466, § 191 of Title 31 U.S.C.A., is not, expressly or inferentially, applicable to proceedings in bankruptcy, and that the tax liens of the County were on a parity with those of the United States. See United States v. Sampsell, supra, 9 Cir., 153 F.2d 731, 734; In re Taylorcraft Aviation Corp., supra, 6 Cir., 168 F.2d 808, 810.

The County asks us to direct the manner of distribution of the $1,869.82, asserting that priority depends upon the time when the respective liens of the County and the United States attached. The question as to the applicable method of distribution in the event the liens of the United States were not entitled to priority was not ruled upon by either the Referee or the District Court, and, while we have no reason to challenge the propriety of the method suggested by the County, we think that the question should be determined initially by the Referee and the District Court.

The judgment is reversed, and the case is remanded for further proceedings.