C. B. STEPHENS, Appellant,

v.

CITY OF ARANSAS PASS, Texas, Appellee.

No. 14080.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 30, 1963.

Utter & Chase, Corpus Christi, for appellant.

Richard D. Hatch, Aransas Pass, for appellee.

POPE, Justice.

The City of Aransas Pass recovered a summary judgment for taxes and foreclosure upon the family automobile owned by C. B. Stephens, the head of a family. It is the only car he owns. There is no dispute about the facts.

Since 1955 Stephens has owned only one automobile at a time, but from time to time he has sold one car and bought another. Since that year, City of Aransas Pass has assessed a tax against each automobile. In a suit to recover the taxes, City obtained a judgment for $50.67 for back taxes and also for foreclosure upon the Stephens 1960 Oldsmobile for a tax lien in the sum of $7.50 for the 1961 tax.

Stephens claims that a family automobile is exempt from taxation. He relies upon Article 16, § 49, of the Constitution, Vernon's Ann.St., and Article 3832, Vernon's Tex.Civ.Stats. The Constitutional provision empowers the Legislature to exempt personal property from forced sale, and Article 3832 is the Legislative exercise of that power. City meets this argument by the contention that those laws relate to exemption from forced sales by creditors, but do not concern exemptions from taxation. The trial court correctly ruled that the car is not tax exempt. The solution to the problem may be found in the structure of the Legislative Acts themselves.

Article 3832, relied upon by Stephens, does not relate to taxation. It provides by its opening statement: "The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided." Among the items listed is a carriage, which means an automobile. Parker v. Sweet, 60 Tex.Civ.App. 10, 127 S.W. 881. Stephens strengthens his argument by comparing Article 3832 with Article 3839, Vernon's Tex.Civ.Stats. Article 3839 states that a homestead will not be exempt "where the debt is due" for purchase money, for taxes, or for construction of improvements thereon. This, he argues, groups taxes among items which are called debts. He argues also that if it were intended that an automobile should be non-exempt from taxes, the Legislature would have made an exception as it did in the case of a homestead.

We are compelled to reject the argument, however. Articles 3832 and 3839 are not a part of the statutes pertaining to taxation. Taxation is fully treated by Title 122, Vernon's Tex.Civ.Stats., which covers the subject in all its phases. One whole chapter is devoted to the specific matter at hand, that of property which is subject to taxa-

tion. Article 7145, the first statute under that subject, is broad and inclusive:

"All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

■■■ Article 7162 is a detailed statute which specifies those items of real and personal property which must be listed. This statute shows that the Legislature, when discussing taxation, deals differently with the very items detailed in the earlier Article 3832. Article 7162 requires, for taxation purposes, a listing of the items listed in Article 3832. Article 7162 makes no suggestion that any part of those items is exempt from taxation, until it reaches the twenty-third item. It relates to household and kitchen furniture, an item also included in Article 3832. It does not exempt those articles from taxation, but does, for the first time, recognize a partial exemption to the extent of two hundred and fifty dollars worth of household and kitchen furniture. The nineteenth item in Article 7162 states that automobiles must be listed. It calls for a listing of all automobiles. Unlike item twenty-three, the Legislature requires that all automobiles be listed, and this shows there was no legislative intent to exempt even one vehicle from taxation.

Within the same Title 122, and Chapter Six of the general subject "Taxation," we also find that the Legislature has with great detail stated all those classes of property which are exempt from taxation. It is here that the Legislature concerns itself with the specific matter of exemptions from taxation. Schools, churches, state and county buildings, public charities, public libraries, and many other classes of property are exempt by Article 7150 and subsequent Articles. These exemptions from taxation are an exercise of the power granted by Article 8, § 2 of the Constitution, which also relates to exemption from taxation. Article 7150 mentions many exemptions, but automobiles are not among them. Section 11, Article 7150, is helpful also in showing the legislative intent. It authorizes the exemption from taxes of two hundred fifty dollars worth of household and kitchen furniture. That class of personal property is one of the items included in Article 3832. But the argument that Article 3832 is a tax exemption statute is defeated by Section 11, Article 7150. It is the latter statute which gives the limited exemption instead of Article 3832, which, if Stephens' argument were correct, would be a total exemption as to household and kitchen furniture. The Legislature, therefore, does not agree with the argument that Article 3832 is a tax exemption statute. Instead, it treats Article 7150 and subsequent Articles as the tax exemption statutes. Articles 7145, 7147 and 7162 persuade us that the family automobile is not exempt from municipal taxation. See Jesse French Piano & Organ Co. v. City of Dallas, Tex.Civ.App., 61 S.W. 942, 946; Op.Atty.Gen. V–862, 1949.

■■■ Stephens raises other points. He says that the charter for Aransas Pass prohibits a tax upon exempt property because it provides: "All real and personal property within the City not expressly exempted by law shall be subject to annual taxation." The argument is the same as that which Stephens applies to Article 3832. The charter provision is not unlike Article 7145, and it refers to exemptions from taxation, not to exemptions from forced sales by creditors.

■■■ The City Charter provides that the tax levied by the City is a lien upon the property upon which the tax is due. This is an exercise of the legislative grant of power. Arts. 1060, 1175. Aransas Pass possessed the power to enforce collection of the taxes. Art. 7337; Stone v. City of Dallas, Tex. Civ.App., 244 S.W.2d 937.

The judgment is affirmed.