UNITED STATES of America, Acting by and through the INTERNAL REVENUE SERVICE, Appellant,

v.

William R. BRADLEY, Trustee, Appellee.

No. 20023.

United States Court of Appeals Fifth Circuit.

Aug. 8, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., H. M. Ray, U. S. Atty., Oxford, Miss., Frederick E. Youngman, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., for appellant.

John E. Stone, Jackson, Miss., Leon L. Porter, Jr., Clarksdale, Miss., for appellee.

Before PHILLIPS,* WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

■ This is an appeal by the United States from an order of the District Court for the Northern District of Mississippi affirming the opinion of the Referee in Bankruptcy, wherein he found that certain state and county tax liens, having arisen prior in time to certain United States tax liens, are superior to the latter and are to be paid out of the limited assets held by the trustee before the latter.

The United States argues that, although the local liens did arise first in time, the United States liens take first claim to the assets because the United States liens became perfected choate liens as of the day of assessment, while the local liens require attachment or levy before becoming choate, and only choate liens which were first in time may take precedence over such perfected United States liens. The United States further argues that the question of whether a lien is choate depends not on state law, but is always a federal question.

■ At the outset, the Federal Priority Statute, 31 U.S.C.A. § 191[1] must be put aside. Numerous cases have held that this statute does not apply in bankruptcy proceedings, and that it yields to § 67 of the Bankruptcy Act. See In re Taylorcraft Aviation Corp., 168 F.2d 808 (6 Cir., 1948); In re Knox-Powell-Stockton Co., 100 F.2d 979 (9 Cir., 1939); Reese, Inc. v. U. S., ex rel. Collector of Internal Revenue, 75 F.2d 9 (5 Cir., 1935); Bennett-Ireland, Inc. v. American Alum. Products, 59 Wash.2d 670, 369 P.2d 957 (1962); United States v. Sampsell, 153 F.2d 731 (9 Cir., 1946). See also Collier on Bankruptcy, 14th Ed. § 67.24 at p. 264:

> " * * * the Supreme Court precedents subordinating liens to the federal priority under Rev.Stat. Sec. 3466 have no application in ordinary bankruptcy proceedings initiated under Sec. 59. These precedents applied the section when the debtor's estates involved were in the hands of nonbankruptcy liquidators, and it accords with the manifest intent of Congress to treat the scheme of distribution it provided in sections 64 and 67b and c as exclusive of the in-

---

* Of the Tenth Circuit, sitting by designation.

1. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

compatible order of priority provided for non-bankruptcy liquidations in Sec. 3466."

We look then to the Bankruptcy Act:

*Sect. 67, sub. b:*

" * * * [S]tatutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State may be valid against the trustee, even though arising or perfected while the debtor is insolvent * *."

*Sect. 64, sub. a:*

"The debts to have priority, in advance of the payment of dividends to creditors, * * * shall be (1) the actual and necessary costs * * *; (2) wages * * * (3) (costs of contesting discharge); (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof."

It is clear that neither of these sections answers the question before us, i. e., whether United States tax liens are superior to state tax liens which arose prior to the United States liens. We therefore look for guidance to the statutes creating the liens. The United States liens are created by the Internal Revenue Code of 1954.

*Sect. 6321:*

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (* * *) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

*Sect. 6322:*

"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made * * *."

*Sect. 6323:*

" * * * the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed * * *."

The state liens are created by the following state statutes, Mississippi Code of 1942 (Recomp.):

*Sect. 9744:*

"Taxes, state, county and municipal, assessed upon lands or personal property, * * * shall be a lien upon and bind the property assessed, * * *."

*Sect. 10119:*

" * * * [t]he tax imposed by this act [the Revenue Act of 1934 imposing 'sales tax'] * * * shall constitute a debt due the State of Mississippi from the time the tax is due until it is paid, and shall be a lien upon the property or rights to property of any person subject to the provisions of this act."

It will be seen that both the United States and the State statutes are clear and definite on the question of when the liens arise. However, neither provides any guidance as to priority. The United States concedes that the State liens arose first, but argues that since the State did no attach the bankrupt's property or levy on it prior to bankruptcy, the State's liens are imperfect, and are in fact nothing more than inchoate general liens. It is difficult to understand how the State liens are inchoate, because there has been no attachment or levy, while the United States liens upon which there has likewise been no attachment or levy, are choate. The United States cites several cases as authority for its contention that before the lien can be perfected and made specific, the following three conditions must exist: (1) the identity of the lienor must be certain; (2) the amount of the lien must be certain; and (3) the property to which the lien attaches must be made definite and certain. The United States concedes that the first 2 conditions existed, but contends that the third one did not at the time its liens arose; and therefore, the State liens are inchoate. If the first 2 conditions are met, and the statute attaches the lien to all of the property, real and personal, of the debtor, or to "the property assessed", we conclude that

the lien is not thereby necessarily rendered "inchoate"; it is merely rendered "general" rather than specific. Regardless of such considerations, we agree with the holding in United States v. Sampsell, 153 F.2d 731 (9 Cir., 1946):

"There is nothing in the Bankruptcy Act or in the Internal Revenue Code * * * directly providing that perfected liens shall have priority over prior inchoate liens which is the claim of the government. We are of the opinion that the government can get no support of any kind from the statutes in aid of its proposition."

The Ninth Circuit held in Sampsell that the State liens being first in time, though inchoate as to the amount, were first in order of payment out of the limited assets.

The Eighth Circuit in Adams v. O'Malley, 182 F.2d 925 (1950) followed Sampsell:

"The United States asserts that it should be given priority because its liens are specific and perfected, while those of the County are general and inchoate, since the County had not levied upon the property of the bankrupt prior to bankruptcy. It is unnecessary in this case to determine whether that would be of any importance, since, in our opinion, the statutory liens of the County were no more general and inchoate than were the liens of the United States; and, if a seizure was a prerequisite to the perfection of the County's liens, they were perfected after bankruptcy by the filing of notice with the court as permitted by § 67, sub. b, of the Bankruptcy Act, § 107, sub. b, of Title 11 U.S.C.A.

"Our conclusion is that R.S. § 3466, § 191 of Title 31 U.S.C.A., is not, expressly or inferentially, applicable to proceedings in bankruptcy, and that the tax liens of the County were on a parity with those of the United States. * * *"

The opinion of the Referee in this case is a scholarly, well written discourse on the subject under consideration. The District Court carefully considered the Referee's opinion and agreed with it. We agree with both opinions. It is our conclusion that the Referee properly applied the doctrine of "first in time, first in right". United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1947); Rankin v. Scott, 12 Wheat. 179, 6 L.Ed. 592.

The judgment is affirmed.