In the Matter of **TRAVIS BROS. BODY WORKS, INC., Bankrupt.**

No. 9822.

United States District Court
D. North Dakota,
Southeastern Division.

Aug. 9, 1966.

Kenneth M. Jakes, Sp. Asst. Atty. Gen., Bismarck, N. D., for the State of North Dakota.

Richard V. Boulger, Asst. U. S. Atty., Fargo, N. D., for the United States.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

Travis Bros. Body Works, Inc., a corporation, was adjudicated a bankrupt upon its petition filed June 29, 1960. A dispute arose between the United States and the State of North Dakota over the priority of tax liens asserted by the respective parties against the balance remaining in the possession of the First National Bank and Trust Company of Fargo, the trustee of the bankrupt's estate.

Claims have also been asserted by the North Dakota Workmen's Compensation Bureau, but they need not be discussed since the funds remaining for distribution are insufficient to satisfy the liens of the United States for withholding taxes and the State of North Dakota for sales taxes which have priority over the Workmen's Compensation Bureau's unsecured claims.

The applicable sections of the Bankruptcy Act, 67(b) and 64(a), 11 U.S.C.A., Sections 107(b) and 104(a), provide that:

"*  *  *  [S]tatutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent  *  *  *."

"The debts to have priority, in advance of the payment of dividends to creditors,  *  *  *  shall be (1) the actual and necessary costs  *  *  *; (2) wages  *  *  *; (3) (costs of contesting discharge); (4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof."

These sections have been construed to place liens of the United States or of any State or subdivision thereof on a parity, Adams v. O'Malley, 182 F.2d 925 (8th Cir., 1950), with the result that the doctrine of "first in time, first in right" applies. United States v. Bradley, 321 F.2d 224 (5 Cir., 1963).

The liens of the United States for withholding taxes were imposed under the Internal Revenue Code of 1954, Sec. 6321, and arose "at the time the assessment[s] [were] made" under Sec. 6322. The instant assessments for withholding taxes for periods of the fourth quarter of 1959 and the first quarter of 1960 were made on March 30 and April 19, 1960, respectively, and were duly served upon Travis Bros. Body Works, Inc., prior to its being adjudicated a bankrupt.

North Dakota asserts liens for sales taxes for the quarters ending September 30, 1959; December 31, 1959; and March 31, 1960, respectively. The sections of the North Dakota Statutes in effect when the sales tax liabilities were incurred by the bankrupt were contained in the 1957 Supplement to the 1943 North Dakota Revised Code:

"57–39–09. Return of gross receipts.

"1. On or before the last day of the month following the close of the first quarterly period as defined in the following section, and on or before the last day of the month following each subsequent quarterly period of three months, the retailer shall make out a return for the preceding quarterly period in such form and manner as may be prescribed by the commissioner, showing the gross receipts of the retailer, the amount of the tax for the period covered by such return, and such further information as the commissioner may require to enable him correctly to compute and collect the tax herein levied. The commissioner upon request by any retailer and a proper showing of the necessity therefor, may grant unto such retailer an extension of time not to exceed thirty days for making such return. If such extension is granted to any such retailer, the time in which he is required to make payment as provided for in section 10 of this act (57–39–10) shall be extended for the same period.

"2. * * *.

"3. Returns shall be signed by the retailer or his duly authorized agent."

"57–39–10. Payment of tax, bond, creation of lien.

"1. The tax levied under the provisions of this Act (chapter) shall be due and payable in quarterly installments on or before the last day of the month next succeeding each quarterly period, the first of such periods being the period commencing with July 1, 1957;

"2. Every retailer, at the time of making the return required hereunder, shall compute and pay to the commissioner the tax due for the preceding period;

"3. * * *."

"57–39–11. Lien of tax—Collection—Action authorized. Whenever any taxpayer liable to pay a tax or penalty imposed refuses or neglects to pay the same, the amount, including any interest, penalty, or addition to such tax, together with the costs that may accrue in addition thereto, shall be a lien in favor of the state of North Dakota upon all property and rights to property, whether real or personal, belonging to said taxpayer.

"The lien aforesaid shall attach at the time the tax becomes due and payable and shall continue until the liability for such amount is satisfied."

It is clear under Section 57–39–10 that the sales taxes were due and payable by the bankrupt not later than the last day of the month next succeeding each quarterly period. Under Section 57–39–11 the amount of unpaid taxes, including any interest, penalty or addition to such tax, became a lien in favor of the State upon all property and rights to property belonging to the bankrupt, and attached at the time the taxes became due and payable. This would result in liens attaching on October 31, 1959; January 31, 1960; and April 30, 1960, respectively.

Sales tax returns for the three quarterly periods for which the State asserts liens were not filed by the bankrupt until after the United States had made its assessment pursuant to Sec. 6322 of the Internal Revenue Code of 1954. The Government contends that under the test set out in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520, holding that a lien is deemed choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established," the State liens were inchoate at the time the United States perfected its liens because the State liens were uncertain as to amount and could not attach until these amounts were determined.

This contention was rejected in United States v. Sampsell, 153 F.2d 731 (9th Cir., 1946):

"There is nothing in the Bankruptcy Act or in the Internal Revenue Code * * * directly providing that perfected liens shall have priority over prior inchoate liens which is the claim of the government. We are of the opinion that the government can get no support of any kind from the statutes in aid of its position."

The "first in time, first in right" doctrine results in establishing the following priority of liens to be satisfied, so far as possible, from the funds remaining in the hands of the First National Bank and Trust Company of Fargo as trustee of the bankrupt's estate:

(1) State sales tax lien for the quarterly period ending September 30, 1959, which attached on October 31, 1959;

(2) State sales tax lien for the quarterly period ending December 31, 1959, which attached on January 31, 1960;

(3) United States withholding tax lien for the fourth quarter of 1959 which attached on March 30, 1960;

(4) United States withholding tax lien for the first quarter of 1960 which attached on April 19, 1960; and

(5) State sales tax lien for the quarterly period ending June 30th, 1960, which attached on April 30, 1960.

Statutory tax penalties against the estate of a bankrupt are not allowed, Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557, nor is interest allowed after the adjudication of bankruptcy on the petition filed June 29, 1960, United States v. Kalishman, 346 F.2d 514 (8th Cir. 1965).

The net result, and the order of this Court will be that of the $7,970.40 remaining in the possession of the First National Bank and Trust Company of Fargo, trustee for the bankrupt, the sum of $971.51 will be paid to the State of North Dakota, and the balance of $6,-998.89 will be paid to the United States of America.

Counsel for the United States will prepare the necessary instruments to effectuate this Court's order and transmit them through the Clerk of this Court with the least practicable delay.

This Court expresses its regrets to counsel for the United States and for the State of North Dakota that they have been twice required to brief the questions here presented. The situation arose out of the failure of a Referee in Bankruptcy, now deceased, to act upon this matter years ago when it was first presented to him. As soon as this file came to the attention of the present Referee, Gordon Thompson, Esq., it was referred to this Court for disposition.