UNITED STATES of America,
Appellant,

v.

FIRST NATIONAL BANK & TRUST
COMPANY OF FARGO, NORTH DA-
KOTA, Trustee of Travis Bros. Body
Works, Inc., Bankrupt, and State of
North Dakota, Appellees.

No. 18666.

United States Court of Appeals
Eighth Circuit.

Dec. 4, 1967.

Jeanine Jacobs, Atty., Dept. of Justice, Washington, D. C., for appellant, Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson and Crombie J. D. Garrett, Attys., Dept. of Justice, and John O. Garaas, U. S. Atty., for Dist. of North Dakota, Fargo, N. D., on the brief.

Kenneth M. Jakes, Sp. Asst. Atty. Gen. for North Dakota Tax Dept., Bismarck, N. D., for appellee, State of North Dakota.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by United States of America from final judgment of the District Court determining that the lien of the State of North Dakota for certain unpaid sales tax of the bankrupt, Travis Bros. Body Works, Inc., (Travis), was entitled to priority over the lien of the United States for unpaid withholding tax with respect to a fund of $7,819.40 remaining in the hands of the bankruptcy trustee after the payment of administra-

tion expenses and wage claims, the priority of which is not disputed. The trial court's opinion is reported at 256 F.Supp. 716.

The material facts are not in dispute. On March 30 and April 19, 1960, respectively, the District Director of Internal Revenue assessed and made demands upon Travis for withholding taxes for the fourth quarter of 1959 and the first quarter of 1960 and notice of such liens was filed on April 1 and April 22, 1960, all in accordance with 26 U.S.C.A. §§ 6321 and 6322. The assessments aggregated $8774.72 plus accruing interest.

In June of 1960 Travis filed past due sales tax returns for the third and fourth quarter of 1959 and the first quarter of 1960 with the North Dakota Tax Commission. Sales tax was then computed and notice of sales tax liens covering each of the three quarters was filed on June 6, 1960.

All of the transactions hereinabove related with respect to federal and state liens occurred prior to the filing of voluntary petition of bankruptcy by Travis. The bankruptcy adjudication was made on June 29, 1960. The trial court properly determined that the liens of the United States for the withholding tax arose "at the time the assessments were made" and that "the instant assessments for withholding taxes for periods of the fourth quarter of 1959 and the first quarter of 1960 were made on March 30 and April 19, 1960, respectively, and were duly served * * * " [1]

The trial court, upon the basis of the North Dakota sales tax statutes set out in pertinent part in its opinion at p. 718 of 256 F.Supp., determined that under North Dakota law the sales tax became a lien on the last day of the month immediately following the taxable quarter and that the lien for the tax is imposed upon all property of the taxpayer for past due taxes. Such appears to be a permissible interpretation of the North Dakota statutes.

■ A federal tax lien arises and is a perfected choate lien when assessed in the manner provided by statute. United States v. State of Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 371; United States v. Buffalo Sav. Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283; United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520.

■ The relative priority of a lien of the United States for unpaid taxes is always a federal question to be determined by federal courts. The state's characterization of its liens is not conclusive. United States v. Equitable Life Assur. Society of the United States, 384 U.S. 323, 328, 86 S.Ct. 1561, 16 L.Ed.2d 593; United States v. Acri, 348 U.S. 211, 213, 75 S.Ct. 239, 99 L.Ed. 264.

■ The "first in time, first in right" doctrine applies to the determination of the relative priority of competing liens of the federal and local government. United States v. Equitable Life Assur. Society of the United States, supra; United States v. State of Vermont, supra; United States v. City of New Britain, Conn., supra.

United States v. Equitable Life Assur. Society of the United States thus states the principles controlling here:

"[T]he relative priority of a state lien is determined by the rule 'first in time is first in right,' which in turn hinges upon whether, on the date the federal lien was recorded, the state lien was 'specific and perfected.' A state lien is specific and perfected when 'there is nothing more to be done * * *— when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.' Thus, the priority of each statutory lien * * * must depend on the time it attached to the property in question and became choate.' United States v. City of New Britain, supra." 384 U.S. 323, 327–328, 86 S.Ct. 1561, 1564.

■ The standards for choateness of a state lien are the same as those ap-

---

1. 26 U.S.C.A. § 6323 as amended in 1966 has no pertinency to the decision in this case.

plicable to liens of the United States asserted under §§ 6321 and 6322. United States v. State of Vermont, supra.

■ When the standards laid down by the Supreme Court in the cases heretofore cited are applied to the undisputed facts in this case, it is established beyond question that the lien of the state for sales tax did not become specific, perfected and choate before June of 1960, when the amount of the lien was first established. Prior to that time, Travis had filed no sales tax returns disclosing its sales tax liability and the state had made no attempt to determine the amount of such tax or make an assessment thereof. The lien of the United States for withholding tax became a valid and perfected lien by April of 1960. Hence, the lien of the United States is entitled to priority over the sales tax lien under the "first in time, first in right" doctrine.

While the trial court was correct in determining that the "first in time, first in right" doctrine controls, it erred in determining that the North Dakota tax was prior in point of time.

■ The state and the trial court expressed the view that Travis' involvement in the bankruptcy proceedings subsequent to the attachment of the lien of the United States calls for the result reached by the trial court. We do not agree. It is true that Rev.Stat. § 3466 (31 U.S.C.A. § 191) giving priority to the United States on claims against insolvent debtors does not apply to bankruptcy proceedings. See Adams v. O'Malley, 8 Cir., 182 F.2d 925; In re Taylorcraft Aviation Corp., 6 Cir., 168 F.2d 808. In our present case, the United States does not assert any rights based upon § 3466. The result that we have reached is in no way based upon such section.

Doubtless Congress could, if it chose to do so, effect the priority of federal tax liens in bankruptcy proceedings. It has done so to some extent. Section 64(a) of the Bankruptcy Act, 11 U.S.C.A. § 104 (a), provides:

"The debts to have priority, in advance of the payment of dividends to creditors, * * * shall be (1) the actual and necessary costs * * * ; (2) wages * * *; (3) (costs of contesting discharge); (4) taxes legally due and owing. by the bankrupt to the United States or any State or any subdivision thereof."

Thus, some limited priorities are given under the Act over tax liens, but such specified priorities are in no way questioned in this action. Section 67(b) of the Act, 11 U.S.C.A. § 107(b), preserves statutory liens for taxes although perfected while the debtor was insolvent and within four months of bankruptcy, and § 67(c) provides that under certain circumstances tax liens be postponed in payment in favor of administration costs and certain wage claims.

The trial court, after citing and quoting from the foregoing sections, observes:

"These sections have been construed to place liens of the United States or of any State or subdivision thereof on a parity, Adams v. O'Malley, 182 F.2d 925 (8th Cir., 1950), with the result that the doctrine of 'first in time, first in right' applies. United States [by and through Internal Revenue Service] v. Bradley, 321 F.2d 224 (5th Cir., 1963)." 256 F.Supp. 716, 717.

We find nothing in the Bankruptcy Act or any other federal statute which in any way impairs the operation of the "first in time, first in right" doctrine with respect to the competing tax claims here involved of the state and federal government.

Under the undisputed evidence before us, the lien of the United States for unpaid withholding taxes was completed, perfected and choate before the lien of the state for state sales tax became choate and effective. Thus, the claim of the United States being first in time is entitled to priority. The decision of the District Court to the contrary is induced by an erroneous view of the law. The lien of the state for sales tax, at the time the lien of the United States was perfected, did not constitute a choate lien

within the meaning of such term as defined in the cases hereinabove discussed.

The judgment is reversed and this case is remanded to the trial court with direction to establish the priority of the lien of the United States upon its claim for unpaid withholding taxes against the funds in the hands of the trustee.