

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 4, 1970

Honorable Hunter B. Brush
Criminal District Attorney
Tyler, Texas 75701

Opinion No. M-741

Re: Is a Commissioners' Court
warranted in refusing to
certify as correct the lists
of insolvent taxpayers and
delinquent lands presented
by the Tax Collector, it
appearing that a large number
of businesses listed thereon
are still in business and
have personal property plainly
displayed for sale, and
related questions?

Dear Mr. Brush:

You have requested the opinion of this office on the
hereinafter set-out questions concerning the collection of
ad valorem taxes due the State and County. The factual
background as presented by you is condensed as follows:
The Tax Collector of Smith County, in response to the man-
dates of Articles 7263 and 7336, section (e), Vernon's Civil
Statutes,* presented to the Commissioners' Court of such
county certified lists of delinquent or insolvent taxpayers
and lands and lots and/or property on which any taxes were
delinquent for approval and certification by such court and
credit to such tax assessor on final settlement of his accounts
for the amounts therein shown. Upon examination of the lists
presented to them, the Commissioners' Court refused to approve
and certify to their correctness for the reason that several
of the business establishments listed were still in operation
and displaying personal property for sale.

The first question presented by you is restated as
follows:

---

\* All Articles cited are as codified in Vernon's Civil
Statutes.

-3402-

(1) Under the stated facts, has the Commissioners' Court reasonable grounds to refuse to approve the lists and to certify that the persons appearing on the lists have no property out of which to make the taxes assessed against them, or that they have moved out of the county, and that no property can be found in the county belonging to such persons out of which to make the taxes due?

Your second, third and fourth questions are such as necessarily arise from the first question and will have to be resolved first in order to answer the primary question. They appear in your brief as follows:

(2) Can the Tax Collector levy on personal property of a taxpayer for taxes assessed against his real property?

(3) Article 3832 lists certain property as exempt from forced sale. Does this Statute prohibit the Tax Collector from levying on such exempt property for the satisfaction of delinquent taxes?

(4) If the exempt property designated in Article 3832 is subject to levy by the Tax Collector, is his power to levy limited to the exempt property on which the taxes are delinquent or may he also levy on other exempt property of the tax debtor to satisfy the delinquency?

Your Questions numbered 2, 3 and 4 are related and pertain to the legal sufficiency of the reasons given by the Commissioners' Court for their refusal or inability to make the statutory certificate of approval of such lists. They will be considered and answered together as follows:

Article 7272 provides, in part, that:

"All real and personal property held or owned by any person in this State shall be liable for all State and County taxes due by the owner thereof, including tax on real estate, personal property and poll tax; and the tax collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding; . . . ."

The case of Shugart v. Nocona Independent School District, 288 S.W.2d 243 (Tex.Civ.App. 1956, no writ hist.), held that a taxing authority can levy on and seize and sell any personal property of a tax debtor to collect delinquent taxes on its owner's real estate.

The Court in Stephens v. City of Aransas Pass, 364 S.W.2d 733 (Tex.Civ.App. 1963, no writ hist.), held that Article 3832, exempting certain property from forced sale for the payment of debts except as therein provided, is not a tax exemption statute and such exemptions therein contained do not pertain to taxation.

Although the personal property involved in the Stephens case was foreclosed upon only for the amount of the delinquent taxes assessed against such property, the rationale of the decisions in this and in the Shugart case, supra, lead to the further conclusion that such property could have been impressed also with the delinquent taxes assessed against the owner on account of any other property owned by him. Further in this regard, the early case of Ring v. Williams, 35 S.W. 733 (Tex.Civ.App. 1896, no writ) held that the laws exempting certain personal property from the burden of taxation did not relieve such property from liability for taxes otherwise due from the taxpayer and affirmed the judgment of the trial court approving the levy, seizure and sale of a sewing machine for delinquent poll taxes due from the taxpayer. See also City of Henrietta v. Eustis, 87 Tex. 14, 26 S.W. 619 (1894); Maro Co., Inc. v. State, 168 S.W.2d 510 (Tex.Civ.App. 1943, error ref.).

Therefore, in answer to Questions Nos. 2, 3, and 4, it is the opinion of this office that the tax collector is not prohibited by law from levying upon any personal property of the taxpayer in satisfaction of his delinquent taxes, regardless of whether such taxes accrued against such property, or against his real property, or against other personal property of the taxpayer. The homestead of a family is exempt from all taxes except those assessed against it. Tex. Const. Art. XVI, Sec. 50.

Before applying these rules to the facts involved in Question No. 1, it is necessary to consider the following statutes outlining the relevant duties of the Commissioners' Court:

Article 7263 requires the Tax Collector to make a <u>list</u> <u>of delinquent or insolvent taxpayers</u> for the purpose of obtaining credit on final settlement of his accounts upon the allowance of such list by certificate of the Commissioners' Court. Such Article reads as follows:

> "The tax collector shall make out on forms to be furnished for that purpose by the Comptroller, between April first and the fifteenth of each year, list of delinquent or insolvent taxpayers, the caption of which shall be, the 'list of delinquent or insolvent taxpayers.' In this list he shall give the name of the person, firm, company, or corporation from whom the taxes are due, in separate columns; and he shall post one copy of these delinquent or insolvent lists at the courthouse door of the county, and one list at the courthouse door, or where court is usually held, in each justice precinct in his county; and the tax collector, upon the certificate of the commissioners court that the persons appearing on the insolvent or delinquent lists have no property out of which to make the taxes assessed against them, or that they have moved out of the county, and that no property can be found in the county belonging to such persons, out of which to make the taxes due, shall be entitled to a credit on final settlement of his accounts for the amounts due by the persons, firms, companies, or corporations certified to by the commissioners court, as above provided for."

Article 7336, section (e), also requires such Tax Collector to make up a <u>list of the lands and lots and/or property</u> on which taxes are delinquent, charging against the same all unpaid taxes assessed against the owner thereof. The portion of said section (e) pertinent to your inquiry is quoted as follows:

> "Said list shall be made in triplicate and <u>presented</u> <u>to the Commissioners' Court for examination and</u> <u>correction</u> and <u>after being so examined and corrected</u> said list in triplicate <u>shall be approved by said</u> <u>Court.</u> One copy thereof shall be filed with the County Clerk or Auditor, one copy retained and filed by the Assessor and Collector of Taxes, and

one copy forwarded to the Comptroller with the
annual settlement report of the Assessor and
Collector of Taxes. Said list, as compiled by
the Assessor and Collector of Taxes, and corrected
by the Commissioners' Court, or the rolls or books
on file in the office of the Assessor and Collector
of Taxes, shall be prima facie evidence that all the
requirements of the law have been complied with by
the officers of courts charged with any duty there-
under, as to regularity of listing, assessing, and
levying all taxes therein set out, and that the
amount assessed against said real estate is a true
and correct charge. If the description of the real
estate in said list or assessment rolls or books
is not sufficient to identify the same, but there
is a sufficient description of the inventories in
the office of the Assessor and Collector of Taxes,
then said inventories shall be admissible as
evidence of the description of said property."
(underlined for emphasis)

Credit for the delinquent taxes reported and allowed
in accordance with the two next-foregoing quoted Statutes is
provided by the terms of Article 7271 which reads as follows:

"The provisions of this chapter pertaining to the
duty of tax collectors in the matter of the
collection of delinquent and insolvent taxes shall
apply as well to taxes owing by persons who own
real property as to those who do not own real
property, and no tax collector in this State shall
be entitled to or be allowed either by the county
or by the Comptroller credit as approved by Article
7263 for any taxes reported or returned as either
delinquent or insolvent under Article 7263 or 7336
until he makes affidavit entered upon or attached
to both his lists of insolvent tax payers prepared
under said Article 7263 and his lists of delinquent
lands prepared under Article 7336, that said lists
are true and correct and that he has fully complied
with and exhausted all resources to collect such
taxes as authorized and required by Articles 7264,
7266, 7267, 7268, 7269, 7270, 7272, 7273, 7274, and
7336, and does not know of, and has made deligent
inquiry and has been unable to learn of, any personal

property belonging to any person or persons against whom such taxes are shown on said lists to be unpaid that he was authorized by law to seize, levy upon and sell for the purpose of enforcing the payment of such taxes or any part thereof, <u>nor until the commissioners' court of his county, after full consideration and investigation, has entered upon or attached to both the insolvent lists and lists of delinquent lands the certificate required by said Article 7263</u>, and no compensation that at the time, or at any time thereafter, may be due or owing to the tax collector, either by the State or county, shall be retained by or paid to the tax collector until he has made the affidavits as provided by this article. Nothing in this article is intended or shall be construed as requiring any tax collector to levy upon and sell real property for the purpose of enforcing the payment of such taxes." (underscoring added)

It plainly appears from the express wording of these Articles 7263, 7336, and 7271 that no credit is to be allowed the tax collector until his properly certified lists have been allowed and certified as correct by the Commissioners' Court <u>after full consideration and investigation</u>.

A certification by such court merely showing reliance on the tax collector's certificate as the basis for its approval of the insolvent lists and lists of delinquent lands is not sufficient to comply with the provisions of Article 7263. See Attorney General's Opinion No. O-4046 (1941), a copy of which is furnished you herewith.

The phrase "full consideration and investigation" as a prerequisite to approval and certification by the Commissioners' Court plainly denotes the bestowing of discretionary authority upon the court to approve or not approve such lists as its judgment or findings warrant.

In any event, in order for credit to be allowed the tax collector the lists must show the certificates of the tax collector and the Commissioners' Court in the exact terms of Articles 7263 and 7271. The fact that it appears to the Commissioners' Court, from an examination of such lists, that

some of the taxpayers listed thereon have personal property in their possession subject to a levy for delinquent taxes by the tax collector is sufficient to prohibit the said court from certifying directly to the contrary. We believe the foregoing statement fully answers your Question No. 1.

It is noted, however, that in reference to the lists of lands and lots and/or property directed to be made by the tax collector by Article 7336, section (e), the term "correction" is used as a duty designated to the Commissioners' Court in conjunction with the term "examined", in reference to the delinquent land list therein provided. This would seem to impose a general duty of the court to act in some manner in regard to all such lists, delinquent insolvents and delinquent lands, lots and/or property as well, rather than just refuse to take any action. In the instant case correction of the lists could consist of striking from such lists the names of all persons appearing thereon who, in the judgment of the court, are not certifiable as having no property out of which to make the taxes assessed against them, or as having moved out of the county and no property can be found in the county belonging to such persons out of which to make the taxes due, and certifying to the correctness of the remainder of such lists.

## S U M M A R Y

The tax collector is not prohibited by law from levying upon any personal property of the taxpayer in satisfaction of his delinquent taxes, regardless of whether such taxes accrued against such property, or against his real property, or against other personal property of the taxpayer.

Upon examination of the tax collector's lists of delinquent or insolvent taxpayers and lands and lots and/or property on which any taxes are delinquent, the discovery by the Commissioners' Court of persons listed thereon having personal property in their possession subject to a levy for delinquent taxes is sufficient to warrant such court to refuse approval and certification of such lists.

Honorable Hunter B. Brush, Page 8 (M-741)

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Harriet Burke
Max Hamilton
Arthur Sandlin
John Banks

Meade F. Griffin
Staff Legal Assistant

Alfred Walker
Executive Assistant

Nola White
First Assistant