ABRAM I. JONES, Plaintiff, v. ROBERT D. S. MUSTARD, Defendant, UNITED STATES OF AMERICA, Intervenor.

(*December* 1, 1954.)

LAYTON, J., sitting.

*W. Howard Thompson* for Plaintiff.

*H. Newton White*, Assistant United States Attorney, for Intervenor.

Superior Court for Sussex County, No. 395, Civil Action, 1952.

LAYTON, J.:

 The United States takes the position that its liens for taxes have priority by virtue of Sec. 3670, Title 26 *U. S. C.* which, insofar as pertinent reads:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. 53 *Stat.* 448."

Sec. 3672 goes on to provide that such lien shall not be valid as against mortgagees, pledgees, purchasers, or judgment creditors, "* * * until notice thereof has been filed by the collector * * *" in accordance with the laws of the state where the property subject to the lien is situated. It is agreed that the proper notice was given in this case by the collector. The Government bases its claim to priority upon the familiar principle that the first in time is the first in right. *United States v. City of New Britain*, 347 *U. S.* 81, 74 *S. Ct.* 367.

The lessor claims priority as a result of the peculiar provisions of the Delaware Statute of Distraint, Title 25 *Del. Code*, § 6101, which reads:

"If goods and chattels of a tenant being upon premises held by him by demise under a rent of money, are seized by virtue of any process of execution, attachment, or sequestration, the goods and chattels shall be liable for one year's rent of the premises, in arrear, or growing due, at the time of the seizure, in preference to such process; accordingly the landlord shall be paid such rent, not exceeding one year's rent, out of the proceeds of the sale of such goods and chattels, before anything shall be applicable to such process."

 It is apparent not only from a reading of the section itself but from the interpretation given it by our Courts that the lessor's preference resulting from a distraint upon the personal property of his lessee is carefully guarded. In this connection, former Chief Justice Layton in *Petition of Hoopes*, 1 *Terry* 126, 5 *A.* 2d 655, 656, had occasion to review the leading authorities on the subject and said this:

" 'A landlord's claim for rent growing due is * * * highly favored, and is carefully guarded under the statutes and decisions.' *In re Mitchell, supra* ([3 *Cir.*] 116 *F.* [87] 93). In *McIntire v. Barkley*, 5 *Houst.* 145, the Court said that the words of the statute are general and comprehensive and without qualification or exception; and in *Hopkins v. Simpson*, 3 *Houst.* 90, it was said that the landlord is amply and abundantly provided with all the means and remedies necessary to secure and preserve his preference 'as against any and all execution creditors of his tenant in any event whatsoever'.

"* * * In *Ford v. Clewell*, 9 *Houst.* 179, 31 *A.* 715, the ruling was that the landlord's right to have the proceeds of the sale of the personal property of his tenant applied to the rent is superior to the lien of a chattel mortgage which was given before the beginning of the tenancy and before the goods were moved on to the demised premises, a chattle mortgage not being an execution process. * * *

"Reading the statute both literally and in the light of its manifest purpose as judicially declared, there is small reason to suppose that the Legislature meant that the preference of one year's rent growing due came into existence on the day of the levy or seizure and, therefore, is limited to rent growing due during the year ensuing. * * * but it is well settled that the claim grows out of the lease and attaches at the beginning of the tenancy. It does not depend on the levy or seizure, but exists independently of the institution of any proceeding for its enforcement. 16 *R. C. L.* 988. * * *

"The preferential claim, therefore, has its origin in the lease. It is perfected by the seizure. Rent accrues from day to day. The payment of a periodical installment discharges the rent for that period, but rent continues to grow due, and there is never a moment of time during the term when it can be said that rent is not growing due. It was not the purpose of the statute to mark the day of the seizure as the initial date of a preference year, and to limit the preference to the rent growing due during that year. What the statute does declare is, that in the proceeds of the sale of those goods which stood as security for rent, the landlord shall have a preference to the extent of one year's rent growing due, if at the time of the seizure a tenancy was in existence by virtue of which rent was growing due."

The lessor's case, then rests on the proposition that his preference attaches at the beginning of the tenancy (in this case, the year 1945) and consequently, outranks the federal liens, the earliest of which came into being in 1948.

Insofar as concerns any lien or preference created by statute of this State, this argument is undoubtedly sound. But as Justice Minton said in *United States v. New Britain, supra* [347 *U. S.* 81, 74 *S. Ct.* 372]:

"But as to any funds in excess of the amount necessary to pay the mortgage and judgment creditors, Congress intended to assert the federal lien. There is nothing in the language of § 3672 to show that Congress intended antecedent federal tax liens to rank behind any but the specific categories of interests set out therein * * *."[1]

What lien or preference has this lessor which is said to be antecedent to the federal liens in this case? It is, he asserts, the preference to one year's rent given by Title 25 *Del. Code,* § 6101. But conceding the superiority of this preference over any type of lien or claim granted by any statute of this State, is it among the types of liens specified in 26 *U. S. C.* § 3672? The

[1]Namely, mortgagee, pledgee, purchaser or judgment creditor.

answer must be in the negative. Lessor, here, is neither a mortgagee, purchaser, pledgee or judgment creditor. Then what is he? As I see it, he is the holder of what may be characterized as an inchoate lien, that is, the type of lien where the certainty of amount, exact identity of the lienor and time of attachment must await future determination. Whether or not such an inchoate lien will outrank those preferences enumerated in § 3672 must depend upon the views, not of the State, but the federal Courts.

In *United States v. Security Trust and Savings Bank,* 340 *U. S.* 47, 71 *S. Ct.* 111, 112, 95 *L. Ed.* 53, the holder of an inchoate attachment lien[2] antedating a federal tax lien claimed a priority on the distribution of a fund. The Supreme Court held that such inchoate liens might only become certain as to amount and identity of the lienor at some date subsequent to the date of the federal liens and could not be permitted to displace them.

The Court went on to say:

"Nor can the doctrine of relation back—which by process of judicial reasoning merges the attachment lien in the judgment and relates the judgment lien back to the date of attachment—operate to destroy the realities of the situation."

The language of Justice Jackson in his concurring opinion is apt.

"The history of this tax lien statute (§ 3670) indicates that only a judgment creditor in the conventional sense is protected."

█ It follows that the preference flowing from the Sheriff's distraint, superior though it may be to all liens and claims established by statute of this State, may not prevail in a contest

---

[2] "The lien of the attachment on real property attaches and becomes effective upon a recording of a copy of the writ, together with a description of the property attached, and a notice that it is attached * * *. The attachment whether heretofore levied or hereafter to be levied shall be a lien * * *.'" See section 542a of the *California Code.*

with federal liens for taxes under § 3670 which were validly· recorded prior to the distraint.[3]

An Order will be entered in conformity with this opinion.

[3]Lessor does not in so many words claim a special precedence based upon the argument that his lien is specific and the federal lien but general in character. It would seem, however, that even if his argument were as applicable to personal property as to real property that the views of the Court in the *New Britain* case *supra*, pages 84 and 85 of the *S. Ct. Reports* would prevail.