WILMINGTON HOUSING AUTHORITY v. NOS. 401, 403, 405 EAST SEVENTH STREET, GEORGE S. HURLOCK, et al.

(*March* 11, 1963.)

TERRY, Justice (specially assigned).

*Thomas Herlihy, Jr.,* for the plaintiff.

*Oliver V. Suddard* for the defendants.

Superior Court for New Castle County, No. 1481, Civil Action, 1959.

TERRY, *Justice* (specially assigned).

In December 1959, the plaintiff, Wilmington Housing Authority, proceeding under 31 *Del. C.* § 4528, filed a Condemnation Action against certain real property in Wilmington owned by the defendants. On April 26, 1961, pursuant to 10 *Del. C.* § 6110(a), the plaintiff filed a notice of intention to take possession of the property. On May 18, 1961, in accordance with the statute, the plaintiff deposited $32,000 with the Prothonotary as security on the condemnation. The amount deposited was the plaintiff's estimation of just compensation. Subsequently, on May 26, 1961, the Superior Court entered an order granting the plaintiff possession as of July 17, 1961. On May 22, 1962, the condemnation trial resulted in an award of $40,000 to the defendants.

The only question presented concerns the amount of interest to be awarded the defendants. Under 10 *Del. C.* § 6113, "Interest shall accrue on the award from the date of taking possession or from the date of award, whichever first occurs." In the case at bar, the date of taking possession, July 17, 1961, first occurred. The defendants claim that they are entitled to interest on the full $40,000 award from July 17, 1961. The plaintiff, on the other hand, would allow interest from July 17, 1961 only on the $8,000 by which the final award exceeded the initial security deposit to the court.

The court is of the opinion that the defendants are entitled to interest on the entire $40,000. Several reasons support this construction of 10 *Del. C.* § 6113.

In the first place, the language of the statute says interest shall accrue "on the award." It is clear that the term "award" is used throughout the condemnation chapter of Title 10 as the full compensation due the parties in interest.

Secondly, as Judge Herrmann pointed out in State ex rel. *Sharp v.* 0.62033 *Acres of Land in Christiana Hundred* (Fenimore), 10 Terry 90, 110 A.2d 1 (1954), Affd. 10 Terry 174, 112 A.2d 857 (1955), the draftsmen of our condemnation statute were obviously familiar with a corresponding, previously enacted Federal statute 40 U.S.C.A. § 258a. Our draftsmen, however, did not choose to follow the Federal statute in certain key provisions. One of these provisions concerns interest. The Federal statute clearly states that "interest shall not be allowed on so much [of the final award] as shall have been paid into court." Since our draftsmen failed to include a similar provisions, one must conclude that the deletion was intentional.

The best argument that can be presented for the plaintiff is that the defendants, under 10 *Del. C.* § 6110 (b), could have applied for immediate payment of the amount deposited into court. The argument is that since interested parties can reach the deposit and have the use of it, they should not be entitled to interest upon it when they fail to apply for payment.

At first blush, the plaintiff's argument has merit. A close reading of the language of 10 *Del. C.* § 6110(b), however, shows not only that the statute fails to support the plaintiff's position, but that it supports a contrary conclusion. The relevant language states that, "Upon application of any party in interest, the court *may* order the money so deposited in court, or any part thereof, be paid forthwith * * *." (Emphasis Added). In other words, the interested parties do not have an absolute right to the deposit but rather payment is discretionary with the court.

This particular part of our condemnation statute was fashioned after the Federal statute. State ex rel. *Sharp*

*v. Fenimore,* supra. Cases decided under the Federal Law make it clear that interested parties do not have an absolute right to immediate payment of the deposit. Of course, the clearest case is when ownership of the land is disputed. *United States v. Certain Parcels of Land,* 40 F.Supp. 436 (Dist.Ct.Dist.Md.1941). But the cases do not rest on a dispute in ownership alone.

It has been held in a federal income tax case that, since the interested party does not have an absolute right to the deposit, he has no income for federal income tax purposes in the year the deposit is made, even though the deposit exceeds his basis. Income arises only after payment. *Nitterhouse v. U. S.,* 207 F.2d 618 (3rd Cir.1953). Judge Goodrich wrote the following for the Nitterhouse court:

"However, we do not think that this deposit was available to the taxpayer at his will only. To withdraw it would have required a court order. And to get that order the petitioner would have to show that he had a clear title to the land free from tax and judgment liens and so on.

"It is not enough that the taxpayer might have got the money in 1944 had he applied for it and made the requisite showing. He did not apply for it and no requisite showing by him was made. Therefore, he was not in a position to show that he was unqualifiedly entitled to the money."

The proposition that the court is asserting was stated very clearly in *Thibodo v. U. S.,* 134 F.Supp. 88 (Dist.Ct. S.D.Cal.1955) when the court said:

"* * * Even the deposit by the Government of its estimate of the value, does not automatically pass to the owners of the property or those having an interest in it. They can only withdraw such portion of it as the Court

might approve. Those having an interest in the property are under no obligation to ask for any portion of the deposit. For this reason, such deposit, even when it is of such character that it can be allocated to a particular owner, is not considered taxable gain in the year of deposit. * * *"

Since interested parties do not have an absolute right to the deposit, it is not unreasonable that they receive interest on the amount deposited.

It is concluded on the basis of the foregoing that the draftsmen of our statute permitted an option to parties of interest. Such parties, who desired an immediate return for their property, could apply to the court for payment of the deposit. This route places the burden on the applicant of proving the entitlement and also places on him the expense of the application. On the other hand, an interested party could wait the orderly termination of condemnation proceedings with the assurance that he would receive a fair award for his property plus interest on the award from the date he lost possession of the property. As the corresponding Federal statute indicates, the payment of interest on the full award is not necessarily an inherent right. It is, however, in the opinion of this court, a reasonable and just procedure.

I feel that the following caveat should be added: No opinion is expressed herein on the case where an interested party applies to the court and withdraws the deposit upon order of the court.

Judgment will be entered in favor of the defendants.