In the Matter of **LEHIGH VALLEY MILLS, INC.,** Bankrupt.

**United States of America,** Appellant.

No. 14897.

United States Court of Appeals
Third Circuit.

Argued Dec. 14, 1964.

Decided Feb. 12, 1965.

4. See footnote 1.

Sherman L. Cohn, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Joseph R. McDonald, Dower, Kanehann, Huston, McDonald & Cahn, Allentown, Pa., for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

In the bankruptcy proceeding here on appeal, the right to priority in a fund to be created by the liquidation of certain personalty and choses in action of the bankrupt was asserted by the trustee for administration expenses and wage claims, and by the Small Business Administration ("S.B.A."), an agency of the United States,[1] as the holder of a lien for security interest in the property. There are also general liens of the Commonwealth of Pennsylvania against all of the property of the bankrupt for certain corporate taxes. Although the Commonwealth is not a party to this appeal, a determination of its rights in the fund is essential.

The operative facts can be briefly summarized. In 1962, a loan of $100,000 was made to Lehigh Valley Mills with the S.B.A. as a 51% participant. The loan was secured by a second mortgage on certain land and buildings [2] of Lehigh, and also by security agreements covering insurance policies, equipment, inventory,

1. It is settled that the Small Business Administration is an integral part of the Government entitled to priorities due the United States, Small Business Administration v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960).

2. The real property on which the Small Business Administration held a second mortgage was exhausted by the first mortgage.

and accounts receivable. Lehigh was adjudicated a bankrupt in June 1963. Immediately thereafter, the lenders, including the S.B.A., applied to the Referee for permission to liquidate the collateral. The Referee gave the S.B.A. authority to take possession of the collateral, liquidate it, and apply the proceeds to the loan balance. The trustee sought modification of the Referee's order to the extent of requiring the S.B.A. to retain the proceeds in escrow for payment of the costs of bankruptcy administration and certain wage claims. The Referee refused to modify the order. The district court reversed and ordered the Referee to take appropriate steps to create a fund available for payment of administration expenses and wage claims. 225 F.Supp. 494 (E.D.Pa., 1964).

The district court held that under the Small Business Act, 15 U.S.C. § 646, state law must be applied in the determination of the question of priority of liens. It further held that under Pennsylvania law the Commonwealth liens were superior to the lien of the S.B.A. Therefore it concluded that the doctrine of In re Quaker City Uniform Co., 238 F.2d 155 (C.A.3, 1956), cert. denied sub nom. Delsea Corp. v. Flickstein and Veloric v. College Hall Fashions and Synthetic Specialists, Inc., 352 U.S. 1030, 77 S.Ct. 595, 1 L.Ed.2d 599 (1957), applied, resulting in the postponement of the lien of the S.B.A. to administration expenses and wage claims. It also held that even if state law did not apply, the "first in time, first in right" principle of United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), would produce the same result. We are compelled to reverse for the reasons hereinafter expressed.

■ A resolution of the problem requires a determination of the relative priority to be given the lien of the S. B.A. and the liens of the Commonwealth of Pennsylvania on the security involved. It is well settled that in this determination we must look to Federal law. United States v. Security Trust and Savings Bank, 340 U.S. 47, 49, 71 S.Ct. 111, 95

L.Ed. 53 (1950); State of Illinois ex rel. Gordon v. Campbell, 67 S.Ct. 340, 91 L. Ed. 348, 329 U.S. 362, 371 (1946); United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945); Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 10, 44 S.Ct. 232, 68 L.Ed. 533 (1924); United States v. State of Oklahoma, 261 U.S. 253, 260, 43 S.Ct. 295, 67 L.Ed. 638 (1923); Ersa, Inc. v. Dudley, 234 F.2d 178, 180 (C.A.3, 1956). Of course, Congress in many situations has provided that state law should be used to determine the relative priority where a claim of the United States is involved.

The trustee argues that Congress has explicitly done so here by inclusion of the following provision in the Small Business Act:

"Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States." 15 U.S.C. § 646.

■ The statute sets up three separate requirements: (1) the state lien must be a lien on the particular property in controversy; (2) it must be for taxes due on the property; and (3) under state law, the state's lien must be superior. Assuming arguendo that conditions 1 and 3 have been met, it is clear that the corporation taxes were not due "on the property" here involved.

The corporation taxes owed by Lehigh to the Commonwealth and creating the Commonwealth's liens were capital stock taxes, corporate loan taxes, and corporate net income taxes. The capital stock tax is one on the dollar value of the corporation's common, preferred, and special stock, 72 Purdon's Pa.Stat.Ann. § 1871 (a), and the valuation of the stock depends upon such factors as its highest selling price per share, average selling

price, and earnings per share, 72 Id. § 1901. The corporate loan tax is upon "all scrip, bonds, certificates, and evidences of indebtedness issued \* \* \* by any and every private corporation \* \* \*." 72 Id. § 3250–10. The corporate net income tax is "at the rate of six per centum per annum upon each dollar of net income of such corporation received by, and accruing to, such corporation \* \* \*." 72 Id. § 3420c. It is obvious that none of the above taxes are on any particular or specific property. The corporation would have been subject to the taxes in question even if it did not possess any of the property subject to the liens of the S.B.A. This precise line of analysis is followed in two recent Pennsylvania cases. Girard Trust Corn Exchange Bank to the use of Small Business Administration v. Herbert Elkins, Inc., No. 4426, February 14, 1964, Court of Common Pleas No. 4, Philadelphia; First National Bank of Carbondale v. Scranton Battery Corp., No. 649 March Term, 1962, July 31, 1964, Court of Common Pleas, Lackawanna. Each case involved the interpretation of § 646 in a situation materially identical to that present in the case at bar.

The S.B.A. argues that § 3466 of the Revised Statutes, 31 U.S.C. § 191, is applicable to give the Government priority here.[3] We find no need to deal with this contention as we are fully convinced that the S.B.A. must prevail in any case. The rule of Federal common law is the general equitable principle, "first in time is the first in right." United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370 (1954). That test requires that a lien competing with one of the Federal Government must be choate—*i. e.*, the identity of the lienor, of the property bound by the lien, and of the amount of the lien all must be certain. United States v. City of New Britain, supra at 84. The last requirement, of course, is only met if there is no further opportunity for judicially contesting the amount of the lien. Thus, the lienor must either have obtained judgment on the lien or it must be enforcible against the property by summary proceeding. United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L. Ed. 264 (1955); United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); United States v. Security Trust and Savings Bank, 340 U.S. 47, 71 S.Ct. 111 (1950). Here, the liens, of course, were not summarily enforcible and had not proceeded to judgment, and under state law, they had not completely bound the property of the bankrupt.

Under Pennsylvania law, the recording of the lien in the county prothonotary's office is a condition precedent to its enforcement. 72 Purdon's Pa.Stat. Ann. § 1404. Here they were not so recorded.

Further, the requirement that the property be completely bound by the lien is not met, for in Pennsylvania, a state tax lien is not "actually perfected as a choate lien on personal property until the writ of fieri facias has been issued and delivered to the sheriff for execution." Ersa, Inc. v. Dudley, 234 F.2d 178, 182 (C.A.3, 1956).

We conclude that, under every applicable test, the lien of the S.B.A. on the secured property is superior to the liens of the Commonwealth. This being so, the doctrine of In re Quaker City Uniform Co., 238 F.2d 155 (C.A.3, 1956), is not applicable to subordinate the S.B.A.'s interest to administration expenses and wage claims under § 64, sub. a of the Bankruptcy Act, 11 U.S.C. § 104, sub. a.

The order of the district court will be reversed, and the cause remanded with instructions to reinstate the order of the Referee.

---

3. That statute requires: "Whenever any person indebted to the United States is insolvent, \* \* \* the debts due to the United States shall be first satisfied \* \* \*."