Maurice STEIN and Anita G. Stein, Plaintiffs,

v.

Robert C. MOOT, Administrator of the Small Business Administration, an agency of the United States of America, Defendant.

Civ. A. No. 3531.

United States District Court
D. Delaware.
March 26, 1969.

Robert W. Tunnell, of Tunnell & Raysor, Georgetown, Del., for plaintiffs.

Alexander Greenfeld, U. S. Atty., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

This case involves a question of priority of liens between the United States and the plaintiffs. Invoking jurisdiction pursuant to 28 U.S.C. § 1346 (a) (2), the plaintiffs, Maurice and Anita G. Stein, seek a judgment against the defendant, Small Business Administration (SBA),[1] in the amount of $4288.-00. The defendant has moved for summary judgment in its favor.

1. It is settled that SBA is an integral part of the government entitled to priorities due the United States. Small Business Administration v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 5 L.Ed.2d 200 (1960).

There is no dispute as to the relevant facts which are summarized as follows: On March 13, 1964, Phoebe Grenoble Sipple, Trustee under the Will of Winfield S. Grenoble (Trustee), leased a building in Rehoboth Beach, Delaware to Edward J. Higgins.[2] Paragraph 16 of the lease recited that Higgins intended to form a corporation to operate a restaurant in the building and the Trustee agreed that, if the corporation was formed, she would consent to the assignment of the lease to the newly organized corporation, without recourse to Higgins for carrying out its provisions, but would look to the newly formed corporation. Higgins subsequently formed a corporation known as K. & H., Inc. for the purpose of operating a cafeteria in the leased premises. The parties stipulated at argument that the lease was effectively assigned to K. & H., Inc. pursuant to the provisions of paragraph 16 of the lease. K. & H., Inc. borrowed $15,000 from SBA to buy restaurant equipment and the loan was secured by a chattel mortgage, dated February 3, 1965. The chattel mortgage was duly recorded in the Recorder of Deeds' office for Sussex County on February 5, 1965 in Chattel Mortgage Book 37, Docket No. A–5382.

On September 24, 1965, plaintiffs entered into an agreement with the Trustee to purchase the building tenanted by K. & H., Inc. and on January 5, 1966, the sale agreement was amended to provide that at settlement plaintiffs would be assigned any rights which the seller had to receive and collect past due rents. Thereafter, in an action brought in the Superior Court of the State of Delaware the plaintiffs in the present case obtained a judgment for rent from K. & H., Inc.[3] in the amount of $5000.00, due as of March 15, 1967. On April 7, 1967, pursuant to 25 Del.C. § 5507, plaintiffs caused the restaurant equipment, located on the leased premises, to be distrained upon for the $5000.00 rent due. By agreement between the parties here and without prejudice to the plaintiffs' claim, SBA repossessed and sold the restaurant equipment secured by the chattel mortgage at public sale on May 16, 1967 for $4288.00.

The plaintiffs concede that they did not have a perfected lien upon the equipment prior to February 5, 1965, the date when the chattel mortgage was recorded and the SBA lien became effective. 25 Del.C. § 2308. Rather, plaintiffs contend that they are entitled to the sale proceeds by virtue of the preference given to the payment of one year's rent in 25 Del.C. § 6101, which reads:

"If goods and chattels of a tenant being upon premises held by him by demise under a rent of money, are seized by virtue of any process of execution, attachment, or sequestration, the goods and chattels shall be liable for one year's rent of the premises, in arrear, or growing due, at the time of the seizure, in preference to such process; accordingly the landlord shall be paid such rent, not exceeding one year's rent, out of the proceeds of the sale of such goods and chattels, before anything shall be applicable to such process."

Plaintiffs argue that the priorities between the lien of the SBA and their lien must be determined according to the above-quoted state law. Their theory is that since the lien of the federal government is based upon a state-regulated chattel mortgage transaction, state law

---

2. Prior to the date of the lease, on September 4, 1963, the Trustee entered into an agreement with SBA which provided, among other things, that any lien or rights (including the right to distrain for unpaid rent) which the landlord or her successor might have would be subordinate and inferior to the rights of SBA. However, this subordination agreement was never recorded and the plaintiffs who later purchased the property from the Trustee had no notice of it. Thus, the agreement could not have been binding on plaintiffs and has no significance in this case.

3. The parties agree that for the purposes of this case Higgins and his corporation, K. & H., Inc., should be treated as one and the same entity.

must govern, particularly since there is no controlling federal statute which establishes the government's priority.

█ It is true there is no controlling federal statute relating to the priority of liens of the United States which is applicable to the facts of this case since the record fails to show that the debtor, K. & H., Inc., was insolvent. If the debtor had been insolvent, then 31 U.S.C. § 191 would clearly give an absolute priority to the payment of the indebtedness owed to the United States, whether secured by lien or otherwise. United States v. Gilbert Associates, Inc., 345 U.S. 361, 365–366, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. Waddill, Holland & Flinn, Inc., 323 U.S. 353, 355, 65 S.Ct. 304, 89 L.Ed. 294 (1945); W. T. Jones & Co. v. Foodco Realty, Inc., 318 F.2d 881, 884–885 (C.A.4, 1963).

█ However, the absence of a controlling federal statute, establishing priority in this case, does not mean that the lien of the chattel mortgage held by an agency of the United States is subordinate to plaintiffs' subsequently perfected rent lien because "federal [common] law is determinative where the question involved is the priority to be accorded to a lien of the federal government *whatever its source*." United States v. Oswald and Hess Co., 345 F.2d 886, 887 (C.A.3, 1965) (Emphasis added); In re Lehigh Valley Mills, Inc., 341 F.2d 398, 400 (C.A.3, 1965); *see* United States v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); United States v. Christensen, 218 F.Supp. 722, 729 (D.Mont.1963); *cf.* United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L. Ed. 271 (1955). Under this law it is well settled that, in the absence of a federal statute, the priority of federally created tax liens is determined by the common law rule that a lien "first in time is the first in right" and not by state law, United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954), and this rule has been universally held to be equally applicable to mortgage liens of the federal govern-

ment. United States v. Oswald and Hess Co., 345 F.2d 886, 887 (C.A.3, 1965) (government mortgage prior to city water and sewage lien); In re Lehigh Valley Mills, Inc., 341 F.2d 398, 400 (C.A.3, 1965) (government mortgage prior to state corporation taxes); United States v. County of Iowa, 295 F.2d 257, 258–259 (C.A.7, 1961) (government mortgage prior to county taxes); United States v. Roessling, 280 F.2d 933, 935–936 (C.A.5, 1960) (government mortgage prior to county taxes); Southwest Engine Co. v. United States, 275 F.2d 106, 107 (C.A. 10, 1960) (government chattel mortgage prior to mechanics lien); United States v. Ringwood Iron Mines, Inc., 251 F.2d 145, 146 (C.A.3), cert. den. sub nom. Borough of Ringwood v. United States, 356 U.S. 974, 78 S.Ct. 1138, 2 L.Ed.2d 1148 (1958) (government mortgage prior to municipal taxes); United States v. Latrobe Const. Co., 246 F.2d 357, 364 (C.A.8), cert. den. 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189 (1957) (government mortgage prior to miners' lien).

█ In this case the lien of the chattel mortgage held by SBA, an agency of the United States, attached when recorded on February 5, 1965. 25 Del.C. § 2308. Plaintiffs concede that their lien for rent was not perfected until after that date. Prior to perfection of their rent lien by distraint, plaintiffs had only "an inchoate lien, that is, the type of lien where the certainty of amount, exact identity of the lienor and time of attachment must await future determination." Jones v. Mustard, 10 Terry 84, 49 Del. 84, 109 A.2d 789, 792 (1954). Under the controlling federal common law rule, "first in time is the first in right," "a lien competing with one of the Federal Government must be choate * * *," In re Lehigh Valley Mills, Inc., 341 F.2d 398, 401 (C.A.3, 1965), prior to attachment of the lien of the federal government in order to prevail. *See* United States v. City of New Britain, 347 U.S. 81, 86, 74 S.Ct. 367 (1954). Thus, the SBA chattel mortgage lien, like that of a real estate mortgage lien, has priority over the plaintiffs' preference for rent

established by state law. The sale proceeds of $4288.00 properly belong to defendant and, consequently, defendant's motion for summary judgment against the plaintiffs will be granted.

Present order in accordance with this opinion.