UNITED STATES of America, Plaintiff,

v.

D. W. WHITE, Defendant.

Civ. A. No. 69–240.

United States District Court, S. D. West Virginia, Charleston Division.

April 9, 1971.

Robert B. King, Asst. U. S. Atty., Charleston, W. Va., for plaintiff.

Edward H. Tiley, Charleston, W. Va., for defendant.

MEMORANDUM OPINION

KNAPP, District Judge.

This case involves a question of priority of liens between the United States and the defendant. Invoking jurisdiction pursuant to 28 U.S.C. § 1345, the plaintiff, the United States of America, seeks a judgment against the defendant, D. W. White, in the amount of $1,000.00. The plaintiff has moved for summary judgment in its favor.

There is no dispute as to the relevant facts which are summarized as follows: In accordance with its authorization dat-

ed April 14, 1967, the Small Business Administration, an agency of the United States government, made a loan to R. Dennis Holcomb, d/b/a Franks Venetian Blind Company, in the amount of $25,-000.00. Pursuant to an agreement dated June 1, 1967, the Small Business Administration took as security for said loan a lien on all machinery, equipment, furniture and accounts receivable of the debtor. The security interest was duly perfected by the filing of financing statements on May 16, 1967, with the Secretary of State for West Virginia, File No. 921950, and in the Office of the Clerk of the County Court of Kanawha County, West Virginia, File No. 4055, all in accordance with the provisions of Article 9, Chapter 46, W.Va.Code of 1931, as amended (Uniform Commercial Code). R. Dennis Holcomb, the debtor, defaulted on his loan and, as of September 30, 1969, owed the Small Business Administration $22,494.50.

In August, 1969, pursuant to the provisions of Article 6, Chapter 37, W.Va. Code of 1931, as amended, D. W. White, defendant, obtained or caused to be obtained from a Justice of the Peace a distress warrant, and levy was made thereunder on the machinery and equipment, furniture and fixtures of the said debtor. On August 29, 1969, the machinery and equipment, furniture and fixtures were sold by Constable W. E. Bishop for the sum of $1,000.00. The said sale was made by the Constable under process emanating from the Court of the Justice of the Peace, and by authority of the provisions of Section 12, Article 6, Chapter 37 of the West Virginia Code of 1931, as amended, which provides as follows:

"Rent may be distrained for within one year after the time it becomes due, and not afterwards, whether the lease be ended or not. The distress shall be made by any sheriff or constable of the county wherein the premises yielding the rent or some part thereof may be or the goods liable to distress may be found, under a warrant from a justice founded upon the affidavit of the person claiming the rent, or his agent, that the amount of money or other thing to be distrained for (to be specified in the affidavit), as he verily believes, is justly due to the claimant for rent reserved upon contract from the person of whom it is claimed. * * * "

Plaintiff argues that inasmuch as the Court would be construing the effect of a Congressional Act of nationwide scope under which the United States is exercising its sovereign function, the priority of liens should be determined under Federal law. Plaintiff further contends that the Federal rule is "first in time, first in right," and that if Federal law is applicable the security interest of the United States perfected by the filing of financing statements with the Secretary of State of West Virginia and in the Office of the Clerk of the County Court of Kanawha County, West Virginia, will have priority over the landlord's lien for rent asserted by defendant, and established under the provisions of Section 13, Article 6, Chapter 37, W.Va. Code of 1931, as amended, which reads as follows:

"The distress may be levied on any goods of the lessee, or his assignee or undertenant, found on the premises, or which may have been removed therefrom not more than thirty days. If the goods of such lessee, assignee or undertenant, when carried on the premises, are subject to a lien which is valid against his creditors, his interest only in such goods shall be liable to such distress. If any lien be created thereon while they are upon the leased premises, they shall be liable to distress, but for not more than one year's rent, whether it shall have accrued before or after the creation of the lien. No goods shall be liable to distress other than such as are declared to be so liable in this section. * * * "

■ There is no controlling federal statute relating to the priority of liens of the United States which is applicable to the facts of this case. Absent a fed-

eral statute establishing priorities in the case of liens acquired by the federal government, it is well settled that the federal common law rule of "first in time, first in right" is applicable in determining the priority of tax and mortgage liens of the federal government. United States v. Ringwood Iron Mines, Inc., 251 F.2d 145 (C.A.3), cert. den. 356 U.S. 974, 78 S.Ct. 1138, 2 L.Ed.2d 1148 (government mortgage lien prior to local tax lien).

In Stein v. Moot, 297 F.Supp. 708 (D. C., 1969), plaintiffs, landlords, claimed priority for the amount of one year's unpaid rent from the proceeds of a public sale of tenant's restaurant equipment. Tenant had borrowed money from the Small Business Administration to buy the equipment and the loan was secured by a chattel mortgage. The Court held that the Federal common law rule of "first in time, first in right" determined the priority of the liens, not state law.

In determining priorities by the application of the federal common law rule of "first in time, first in right," a non-federal lien must, in order to be first in time, have achieved the quality of "choateness" at the time the federal lien arose. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). An inchoate lien exists when the lienor's exact identity, the certainty of amount and time of attachment await future determination, Stein v. Moot, *supra*. In United States v. Lawler, 201 Va. 686, 112 S.E.2d 921 (1960), the issue involved was the priority of a landlord's lien over a federal tax lien. The Court held that although a landlord's lien is considered by the state courts to be specific and perfected and as relating back to the beginning of the tenancy, it is inchoate as of the time the federal tax lien attached in cases in which the landlord has not obtained a judgment or has not seized and sold the tenant's property.

In this case, the lien held by the Small Business Administration, an agency of the United States, was perfected when recorded on May 16, 1967, in compliance with Article 9, Chapter 46, W. Va.Code of 1931, as amended. Defendant's lien for rent was not perfected until August, 1969. Prior to perfection of the rent lien by distraint, defendant had only an inchoate lien. Thus, the Small Business Administration's lien has priority over the defendant's preference for rent established by state law. The sale proceeds of $1,000.00 properly belong to plaintiff, and consequently, plaintiff's motion for summary judgment against the defendant will be granted.

Counsel may prepare an order carrying into effect the Court's ruling, and incorporating a copy of this opinion by reference therein.