355 F.Supp. 1363 (1972)
E. C. ROBINSON LUMBER COMPANY, a Missouri corporation, Plaintiff,
v.
Bob L. HUGHES et al., Defendants.
No. S 71 C 42.
United States District Court, E. D. Missouri, Southeastern Div.
May 4, 1972.
*1364 Robert A. Dempster, Dempster, Yokley & Fuchs, Sikeston, Mo., for plaintiff.
Daniel Bartlett, Jr., U. S. Atty., David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
This matter is before the court on plaintiff's motion to remand the case to the Circuit Court of Dunklin County, Missouri and on motion of defendant United States for judgment on the pleadings. Plaintiff instituted this action in the Circuit Court of Dunklin County, seeking to impress a mechanic's lien on certain residential property which is subject to a deed of trust held by the Farmers Home Administration. Plaintiff further seeks a declaration that its interest as a mechanic's lienholder is superior to the Farmers Home Administration's interest as a holder of a deed of trust on the property in question. The facts which follow are disclosed by the pleadings.

Facts
Plaintiff is a Missouri corporation and defendant Farmers Home Administration is an agency of the United States Government. Defendants Bob L. Hughes and Shirley E. Hughes, as owners, builders and contractors of a dwelling located in Dunklin County, Missouri and described as "All of Lot Thirteen (13) of C. R. Berry's Berry Addition, a subdivision in Dunklin County, Missouri", contracted with plaintiff to furnish building materials for the construction of a building on the property. In the petition, plaintiff alleges that it commenced furnishing the building materials on August 24, 1967 and continuously thereafter until April 3, 1969, at which time payment in the amount of $5,170.45 became due and was demanded. On January 23, 1969, while construction was still underway, Bob L. and Shirley Hughes conveyed the house and property to defendants William R. and Leonia Earnheart, who received financing through the Farmers Home Administration. The total amount extended by the Farmers Home Administration was $7,850.00, evidenced by a promissory note in the amount of $7,850.00 and secured by a deed of trust on the premises dated February 27, 1969 and properly recorded on that date in the Dunklin County Recorder's office. J. Everett Jose, then State Director of the Farmers Home Administration, is named as trustee in the deed of trust. Mendel R. Cline, as present State Director of the Farmers Home Administration, has succeeded J. *1365 Everett Jose as trustee, pursuant to the terms of the deed of trust. The Farmers Home Administration is the named beneficiary.
Plaintiff alleges that on October 2, 1969, within six months of the date the last material was furnished or installed, plaintiff filed an account of the amount owed it for the building materials with the Circuit Clerk of Dunklin County as required by § 429.080, R.S.Mo.1969, V. A.M.S.,[1] which account served as a mechanic's lien against the property and improvements. In its answer, defendant United States denies that April 3, 1969 was the date that the materials were last delivered by plaintiff, and further denies that plaintiff filed its mechanic's lien within six months of the date the last materials were delivered.
Plaintiff filed suit to enforce its mechanic's lien, as provided in § 429.170, R.S.Mo.1969, V.A.M.S.,[2] on March 26, 1970 in the Circuit Court of Dunklin County seeking: 1) a judgment in the amount of $5,170.45 plus interest and costs against defendants Bob L. Hughes and Shirley E. Hughes; 2) a special judgment and decree subjecting the property and improvements to the mechanic's lien; and 3) an adjudication that the mechanic's lien is prior, superior and paramount to the government's deed of trust. The government removed the case to federal court pursuant to 28 U.S.C. § 1444.

Plaintiff's Motion to Remand.
In support of its motion to remand, plaintiff contends that this court is without subject-matter jurisdiction to entertain this action. Removal was obtained under 28 U.S.C. § 1444.
Title 28 U.S.C. § 1444 provides:
"Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."
Title 28 U.S.C. § 2410 in pertinent part provides:
"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter
(1) to quiet title to,
(2) to foreclose a mortgage or other lien upon,
(3) to partition,
(4) to condemn, or
(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."
*1366 Plaintiff contends that §§ 2410(a) and 1444 are not a grant of subject-matter jurisdiction to the federal courts, and that removal under these sections is permitted only when an independent basis of subject-matter jurisdiction exists. Plaintiff states that there is no independent basis of subject-matter jurisdiction here, there being no diversity of citizenship, no amount in controversy exceeding $10,000 and no question arising under the laws, treaties or Constitution of the United States involved. Plaintiff admits that the Circuit Court of Dunklin County had subject-matter jurisdiction over this suit. Thus the court need not decide plaintiff's contention that § 2410(a) is not itself a basis of subject-matter jurisdiction in the federal courts.[3] The only issue necessarily raised by plaintiff's motion is whether this court has subject-matter jurisdiction to entertain this action upon removal from a competent state court under 28 U.S.C. § 1444.[4]
Plaintiff cites George v. United States, 181 F.Supp. 522 (S.D.Tex.1960) in support of its motion to remand. In that case, plaintiff brought suit in the District Court of Harris County, Texas to quiet his title to land against which the United States asserted a judgment lien. The Texas court had acquired jurisdiction of the action under Texas law and within the provisions of § 2410. The United States removed the action to federal court under 28 U.S.C. § 1444. There, plaintiff contended that the action should be remanded to the state court, because the federal court could not have exercised original jurisdiction over the action, under the view apparently prevailing in the Southern District of Texas that § 2410 is merely a waiver statute, presupposing an independent basis of subject-matter jurisdiction.[5] On the other hand, the United States moved to dismiss the action. The government agreed with plaintiff that § 2410 only waived the sovereign immunity of the United States, but contended that under § 1444 it had an absolute right to remove any action brought under § 2410, and then seek dismissal for lack of subject-matter jurisdiction in the federal court.
The district court recognized an apparent conflict between §§ 2410 and 1444, and sought to reconcile the two sections insofar as possible to effect the legislative purpose of each. The court stated that it was clear that under § 2410 Congress intended that litigants generally should have the right to bring suit against the United States in state courts having jurisdiction over the subject-matter. It was also clear to the court that under § 1444 Congress intended such actions to be tried in federal court, insofar as possible, at the option *1367 of the United States. It noted that if defendant's motion to dismiss were granted, the plaintiff's right of action in any forum would be denied, since he did not have an independent ground for jurisdiction in the federal court. However, if plaintiff's motion to remand were granted, the United States would be denied any greater right to remove than would be allowed generally under 28 U.S.C. § 1441, since original jurisdiction in the federal court would be required for removal. Faced with this dilemma, the court concluded that the only justifiable result would be to permit the action to proceed to trial in the state court. It, therefore, remanded the case.
Hood v. United States, 256 F.2d 522 (9th Cir. 1958) was a suit commenced in a Superior Court in the State of Washington against the United States to quiet title to lands which were formerly within the boundaries of an Indian reservation, but which at the time of suit were owned by plaintiffs in fee simple and upon which the United States claimed a lien. The United States removed the cause to federal court and counterclaimed for foreclosure of the lien. No lien claimed upon any of the several parcels met the jurisdictional amount and for that reason the court stated that the case could not have been brought originally in federal court.[6]
However, the court recognized that if it were to hold that the cause should be dismissed on jurisdictional grounds, § 1444 would be meaningless for all practical purposes. The court found that the "fact that the United States did remove and affirmatively sought to foreclose these liens by counterclaim establishes conclusively the interest of the United States here" and found that the trial court properly asserted jurisdiction. (256 F.2d 522, 526).
The District Court in George v. United States, supra, distinguished Hood on the ground that "the eyes of the court were fixed upon the policy underlying Section 1444 that the interests of the United States be tried in federal fora, rather than upon the right of a litigant to have an action against the United States in state court as provided by Section 2410" (181 F.Supp. 522, 525). The District Court also distinguished Hood on the ground that in that case the Court of Appeals found that the United States had established conclusively its interest in federal court by seeking to foreclose the liens by counterclaim.
The different results reached by the court in George v. United States and the Ninth Circuit in Hood v. United States are discussed in Moore's Federal Practice. After discussing the result reached by the Court of Appeals in Hood, Moore's states:
"A contrary view of § 1444 was, however, taken by a district court in George v. United States, which stated: `The court holds, therefore, that an action may not be removed, even under Section 1444, unless the federal court could have original jurisdiction of the action.'
The Ninth Circuit view is clearly correct. Section 1444 expressly grants removal jurisdiction to federal courts of suits brought in state courts against the United States under § 2410. That Congress has chosen to make statutory removal jurisdiction broader than Congress has chosen to make statutory original jurisdiction is of no proper concern to the judiciary as long as the grant of removal jurisdiction is within the constitutional powers of Congress. And there is no question that Congress has the constitutional power under Article III to confer removal jurisdiction upon the federal courts of any suit against the United States.
Perhaps much difficulty and faulty reasoning can be avoided by simply not confusing the substantive right to *1368 remove conferred by § 1444 with that conferred by § 1441. The right to remove under § 1444, unlike removal under § 1441, is not in any way keyed to original jurisdiction. Nor is it necessary for the United States to be a `plaintiff's defendant' in order to remove. Moreover, where the state court action involves other defendants whom the plaintiff could not sue originally in the federal court, the entire proceedings can be removed by the United States. This broader grant of removal jurisdiction is constitutional for the reason that the United States is a defendant, and for its protection and in the interest of a complete determination of the litigation Congress may provide for removal of not only the controversy that affects the United States but also the other defendants even though they could not be sued alone in the federal court. And courts have held that, as the United States' waiver of immunity is conditional on its right to remove, a removed suit should not be remanded over the United States' objection." 1A J. Moore, Federal Practice ¶ 0.166 at 894-896.
Several courts have recognized and have expressly stated that 28 U.S.C. § 1444 gives the United States the unqualified option to remove an action originally brought in state court under § 2410. Vincent v. P. R. Matthews Co., 126 F.Supp. 102, 105 (N.D.N.Y.1954); Hamlin v. Hamlin, 237 F.Supp. 299, 300 (N.D.Miss.1964); United States v. Webster Record Corp., 192 F.Supp. 104, 105 (S.D.N.Y.1961); Gordon v. Feldman, 152 F.Supp. 257, 259 (S.D.N.Y. 1957). In First National Bank of Brownsville, Texas v. United States, supra note 5, one of the cases cited by the court in George v. United States, supra, the right of the United States to remove to federal court under 28 U.S.C. § 1444 was recognized. That case was an interpleader action in which a Texas plaintiff sought a determination of the rights of two defendant Texas corporations and of defendant United States in a cashier's check held by plaintiff. The United States moved to file a petition in intervention. The court held that § 2410 presupposes subject-matter jurisdiction and does not independently confer jurisdiction to sue the Government, or to join the United States in a case in federal court where the other defendants are citizens of the same state as the plaintiff. The court continued:
"The motion of the United States for leave to intervene will be denied and this action will be dismissed without prejudice to the right of the United States to file an independent action, if it so desires, or plaintiff's right to file an appropriate action in the state court from which it may be removed to this Court by the United States under 28 U.S.C.A. § 1444." (172 F.Supp. 757, 759).
Based upon the foregoing, the court does not concur with the result reached in George v. United States, supra. Title 28 U.S.C. § 1444 expressly grants the United States the substantive right of removal and confers subject-matter jurisdiction over such proceeding in federal district court. 1A J. Moore, Federal Practice ¶ 0.166, at 894. Accordingly, plaintiff's motion to remand will be denied.[7]

Motion of the United States for Judgment on the Pleadings.
Defendant United States contends that it is entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings. Plaintiff argues that the motion should be denied, primarily because it has fully and completely complied with all pertinent laws and statutes of the State of Missouri in proceeding to establish its mechanic's lien. Plaintiff notes that it is settled law in Missouri that mechanic's liens are superior to deeds of trust placed *1369 on property after commencement of construction.[8] It is plaintiff's position that state law governing lien priorities is controlling and must be followed in this case.
Over the years the United States Supreme Court and other federal courts have held that federal law is determinative where the question involved is the priority to be accorded a lien of the federal government arising out of a nationwide program and where a federal agency is involved. United States v. Security Trust and Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); United States v. First National Bank & Trust Company of Fargo, North Dakota, 386 F.2d 646, 647 (8th Cir. 1967); United States v. Latrobe Construction Company, 246 F.2d 357, 362 (8th Cir.), cert. denied 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189 (1957); United States v. Oswald and Hess Company, 345 F.2d 886, 887 (3d Cir. 1965); H. B. Agsten & Sons, Inc. v. Huntington Trust & Savings Bank, 388 F.2d 156, 158 (4th Cir. 1967), cert. denied 390 U.S. 1025, 88 S. Ct. 1413, 20 L.Ed.2d 282 (1968); Director of Revenue, State of Colorado v. United States, 392 F.2d 307, 312 (10th Cir. 1968); United States v. Clover Spinning Mills Company, 373 F.2d 274, 276 (4th Cir. 1966); State of New Jersey v. Moriarity, 268 F.Supp. 546, 562 (D.N.J.1967); Stein v. Moot, 297 F. Supp. 708, 711 (D.Del.1969). The parties have cited no federal statute governing the priority of the deed of trust of the United States in this case. Under federal law, in the absence of a federal statute, the priority of a federally created lien is determined by the common law rule that a lien "first in time is the first in right." United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); Southwest Engine Company v. United States, 275 F.2d 106, 107 (10th Cir. 1960); Stein v. Moot, supra, 297 F.Supp. at p. 711; In re Lehigh Valley Mills, Inc., 341 F.2d 398, 401 (3d Cir. 1965); United States v. Love, 324 F.Supp. 1038, 1042 (E.D. Mich.1971); United States v. White, 325 F.Supp. 1133, 1135 (S.D.W.Va.1971); United States v. First National Bank & Trust Company of Fargo, North Dakota, supra, 386 F.2d at p. 647; United States v. Latrobe Construction Company, supra, 246 F.2d at p. 366. In determining priorities by the federal common law rule, a non-federal lien must be "choate" at the time the federal lien arose before it may be considered "first in time" and to have priority over the federal lien. United States v. City of New Britain, supra; United States v. White, supra, 325 F.Supp. at p. 1135; Stein v. Moot, supra, 297 F.Supp. at p. 711; In re Lehigh Valley Mills, Inc., supra, 341 F.2d at p. 401; United States v. Love, supra, 324 F.Supp. at p. 1042; United States v. Latrobe Construction Company, supra, 246 F.2d at p. 366; United States v. First National Bank & Trust Company of Fargo, North Dakota, supra, 386 F.2d at p. 647. In order for a non-federal lien to be "choate", there must be identity of the lienor, of the property bound by the lien, and the amount of the lien must be certain. United States v. City of New Britain, supra, 347 U.S. at p. 84, 74 S.Ct. 367; United States v. First National Bank & Trust Company of Fargo, North Dakota, supra, 386 F.2d at p. 647; United States v. Love, supra, 324 F.Supp. at p. 1042; United States v. Oswald and Hess Company, supra, 345 F. 2d at p. 888; In re Lehigh Valley Mills, Inc., supra, 341 F.2d at p. 401; Director of Revenue, State of Colorado v. United States, supra, 392 F.2d at p. 313. The last requirement is only met if there is no further opportunity for judicially contesting the amount of the lien. Thus the lienor must either have obtained judgment on the lien or it must be enforceable *1370 against the property by summary proceeding. In re Lehigh Valley Mills, Inc., supra, 341 F.2d at p. 401; United States v. Oswald and Hess Company, supra, 345 F.2d at p. 888.
In this case, the record discloses that the deed of trust was filed in the Clerk's office at Dunklin County on February 27, 1969. The deed of trust identifies the trustee, the property bound and the amount due. The record shows that plaintiff did not file for its mechanic's lien before October 2, 1969 and that it did not commence this lawsuit to reduce its lien to judgment until March 26, 1970. Its mechanic's lien, a subject of this proceeding, has not yet been reduced to judgment. Plaintiff's mechanic's lien is neither "first in time" nor "choate".
A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is proper only if no material issue of fact is presented by the pleadings. Roemhild v. Jones, 239 F.2d 492, 494 (8th Cir. 1957). The only issue of fact presented in this case is whether plaintiff filed its demand with the Clerk of Dunklin County within six months of the last date of furnishing labor and materials as required by § 429.080, R.S.Mo.1969, V.A. M.S. For purposes of defendant's motion for judgment on the pleadings, plaintiff's allegation that it completed furnishing building materials on April 3, 1969 and filed its demand on October 2, 1969, within the six month period, must be assumed to be true. Beal v. Missouri Pacific Railroad Corp., 312 U. S. 45, 51, 61 S.Ct. 418, 85 L.Ed. 577 (1941). However, plaintiff's compliance with § 429.080 does not render its lien first in time or choate under federal standards and does not entitle plaintiff to have its lien declared superior to the Government's deed of trust. The court finds that the pleadings in this case present no material issue of fact for resolution on the question of the superiority of the Government's deed of trust, and that the United States is entitled to judgment on this question as a matter of law. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1368, at 690 (1969).
The motion for judgment on the pleadings is granted and the Clerk is ordered to enter judgment declaring the Government's deed of trust paramount and superior to the plaintiff's claimed mechanic's lien.
The court's disposition on the Government's motion for judgment on the pleadings leaves pending plaintiff's prayer for damages against Bob L. Hughes and Shirley E. Hughes and its prayer for a special judgment and decree subjecting the property and improvements to its mechanic's lien. These other issues must await trial for resolution. However, the record indicates that defendants Bob L. and Shirley E. Hughes and William R. and Leonia Earnheart have failed to appear, plead or otherwise defend in this action as provided by the Federal Rules of Civil Procedure. If these defendants have been properly served and are in default, rather than leave this case pending on the docket, plaintiff should proceed under Fed.R.Civ.P. 55 to obtain a judgment against them, or, in the alternative, dismiss the case without prejudice. The setting of May 8, 1972 is vacated and plaintiff is granted ten days to move for default or dismiss. Absent such motion or dismissal, the court will on its own motion consider whether to remand the case to state court.
NOTES
[1] Section 429.080, R.S.Mo.1969, V.A.M.S. provides: "It shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days, and every other person seeking to obtain the benefit of the provisions of sections 429.010 to 429.340 within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner or contractor, or both, if known to the person filing the lien, which shall, in all cases, be verified by the oath of himself or some credible person for him."
[2] Section 429.170, R.S.Mo.1969, V.A.M.S. provides: "All actions under sections 429.010 to 429.340 shall be commenced within six months after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist by virtue of the provisions of said sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed."
[3] The lower federal courts are divided as to whether § 2410(a) establishes federal subject-matter jurisdiction for the suits described therein or is merely a waiver of sovereignty, leaving federal competence to be established by statutes other than § 2410(a). The view that § 2410(a) merely waives the sovereign immunity of the United States has been criticized. See generally, Annot., 5 L.Ed.2d 867 868-875 (1961). It does not appear that the United States Supreme Court, the United States Court of Appeals for the Eighth Circuit or this court has yet ruled on this point.
[4] The question of subject-matter jurisdiction under § 1444 does not arise under the view that § 2410(a) itself establishes competence in the federal courts for actions described therein. The court could deny plaintiff's motion to remand on the ground that § 2410(a) is an affirmative grant of subject-matter jurisdiction. However predisposed the court would be to make such a finding, a ruling this broad is not necessary in the instant case, since plaintiff admits that the state court properly obtained jurisdiction within the provisions of § 2410(a). For purposes of this motion, the court only decides whether, upon removal of a case pursuant to § 1444, a federal court has subject-matter jurisdiction to entertain the action assuming, without deciding, that § 2410(a) is merely a waiver statute.
[5] See Tompkins v. United States, 172 F. Supp. 204 (S.D.Tex.1959) and First National Bank of Brownsville, Texas v. United States, 172 F.Supp. 757 (S.D.Tex. 1959), cited by the court in George v. United States.
[6] This because the Ninth Circuit, in an earlier case, had adopted the view that § 2410 (formerly 28 U.S.C. § 901) was merely a waiver statute. See Wells v. Long, 9 Cir., 162 F.2d 842.
[7] It should also be noted that the government has represented in oral argument that it will not assert a jurisdictional defense based upon 28 U.S.C. § 1444.
[8] Section 429.060, R.S.Mo.1969, V.A.M.S. provides: "The lien for work and materials as aforesaid shall be preferred to all other encumbrances which may be attached to or upon such buildings, bridges or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements."