**ELZINGA–VOLKERS, INC. and Lakin Construction Company, Inc., Plaintiffs,**

v.

**FEDERATED ELECTRIC COOPERATIVE, INC., Associated Electric Cooperative, Inc., Burns & McDonnell Engineering Company, Blount Brothers Corporation, Rural Electrification Administration and National Rural Utilities Cooperative Finance Corporation, Defendants.**

No. S 77–57 C.

United States District Court,
E. D. Missouri,
Southeastern Division.

April 11, 1978.

---

James E. McDaniel, St. Louis, Mo., for plaintiffs.

Thomas J. Wheatley, Kansas City, Mo., for defendant Burns & McDonnell.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., for defendant REA.

James L. Hawkins, St. Louis, Mo., for defendant Blount Bros.

Hal E. Hunter, Jr., New Madrid, Mo., for defendants Fed. Elec. Coop. and Assoc. Elec. Coop.

James D. Sickal, Sikeston, Mo., for defendant Tower & Tank.

Eugene E. Andereck, Jefferson City, Mo., for defendant Cooperative Finance.

## MEMORANDUM

WANGELIN, District Judge.

This suit involves the construction of a power plant at New Madrid, Missouri. Defendant Federated Electric Cooperative, Inc. (Federated) initiated the project and employed defendant Blount Brothers Corporation (Blount) as the general contractor. Defendant Burns & McDonnell Engineering Company (Burns) was employed to prepare plans and specifications. Federated later merged with Associated Electric Cooperative, Inc. (Associated) and Associated became the principal on the contracts. Defendants Rural Electrification Administration (REA) and National Rural Utilities Cooperative Finance Corporation (CFC) hold mortgages on the project property.

Plaintiffs were subcontractors for the project. Certain difficulties arose during construction which plaintiffs attribute to the plans and specifications and the general contractor's conduct. This three-count complaint charges defendants with breach of contract, negligence and fraud, and seeks to enforce a mechanic's lien. Various motions have been filed challenging the sufficiency of the allegations and seeking an adjudication on the merits.

Defendant REA has filed a motion for summary judgment. It is undisputed that REA has a mortgage on the project property dated July 30, 1973, which has been supplemented by two other agreements of record. REA is named only in count 3, which seeks to enforce plaintiffs' mechanic's lien. Construction on the project began in November of 1973 and plaintiffs filed their lien on November 19, 1976. This suit was filed July 5, 1977.

Although REA challenges the validity of plaintiffs' lien, a more obvious question is one of priorities. The priority of a federal lien is determined by federal law. Absent statutory authority, the general rule of first in time, first in right applies. However, federal common law requires a competing lien to be "choate" before the federal lien arises in order to be first in time. *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *United States v. Latrobe Construction Co.*, 246 F.2d 357 (8th Cir. 1957), *cert. denied*, 355 U.S. 890, 78 S.Ct. 262, 2 L.Ed.2d 189.

Several factors must be present for a lien to be considered choate. The most important requirement, at least with regard to plaintiffs' lien, is that there be "no further opportunity for judicially contesting the amount of the lien." *E. C. Robinson Lumber Co. v. Hughes*, 355 F.Supp. 1363, 1369–1370 (E.D.Mo.1972). That requirement is not met when a mechanic's lien has not been reduced to judgment.

Plaintiffs argue that the above rules should not apply because REA's interest was "assigned" to it by a private lender. However, REA's interest arose because of funds advanced to Associated which went towards the New Madrid project. The "assignment" was taken for a legitimate purpose and not just to create a federal priority.

Plaintiffs also argue that REA waived its priority. There are simply no facts to support this claim, particularly as it would apply to REA. Finally, plaintiffs urge that REA can have no better position

than its co-lienor, CFC. CFC does not have a federal lien and is subject to Missouri priority rules. However, this does not affect REA's position. Some circuity problems may be created but they will pose little difficulty. Regardless of the position of CFC, REA will have priority over plaintiffs. In sum, plaintiffs' lien is not yet choate under federal standards and REA is entitled to summary judgment on count 3 of plaintiffs' complaint.

■ Defendants Blount and Burns have moved to dismiss, for summary judgment, and in the alternative for a more definite statement. These motions have been considered, and with one exception, are without merit. Defendant Blount seeks to be dismissed from count 2 of the complaint. There are simply no specific allegations of fraud in count 2 directed to Blount. Count 2 will be dismissed as to defendant Blount and the motions in all other respects will be denied.