UNITED STATES of America,
Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE, NEW
MEXICO, Defendant-Appellee.

No. 72–1054.

United States Court of Appeals,
Tenth Circuit.

Aug. 9, 1972.

Ronald R. Glancz, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., and Walter H. Fleischer, Atty., Dept. of Justice, on the brief), for plaintiff-appellant.

Thomas J. McMahon, Asst. City Atty., Albuquerque, N. M., for defendant-appellee.

Before BREITENSTEIN, HILL and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a foreclosure proceeding in which plaintiff, United States—Small Business Administration, seeks to realize on the security for its loan. The interests of the borrowers are not here involved. The contest is between the Small Business Administration and the City of Albuquerque. The City has asserted its claim against the property based on charges for sewer, water and street improvements on the property. Thus the single issue is whether these charges are entitled to priority over the lien arising under the S.B.A. mortgage.

The government loan was secured by a mortgage, recorded February 22, 1967, on real property located within the City of Albuquerque, New Mexico. The lien which is asserted by Albuquerque was subsequent in time, not having been perfected until October, 1968.

The sole issue presented is one of law. The decision turns on the meaning and application of 15 U.S.C. § 646, which provides that a security interest in property held by the S.B.A. "shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest * * *." By enacting this statute Congress has declared that the priority which the United States would normally enjoy by reason of prior filing is waived in the case of any lien on such property for taxes due on the property. Accordingly, the initial and decisive question is whether the special assessment is a tax due on the property. The trial court concluded that the special assessment was a tax due on the property. We disagree with this conclusion. In our opinion it is not a general tax such as is contemplated by the statute.

The trial court looked to New Mexico law in order to determine whether the assessments were taxes on the property. It looked to New Mexico court decisions which concededly decided the question both ways and to the New Mexico statute Section 14–32–16, subd. B N.M.S.A. (1953 Comp.), which recognizes the lien of a special assessment as being on the same plane as a lien for general taxes.[1]

The authorities construing Section 646, supra, have not recognized that the special assessment is a tax on property. The Supreme Court has recognized the vast distinction in an early case, Illinois Central R.R. Co. v. Decatur, 147 U.S. 190, 197, 13 S.Ct. 293, 37 L.Ed. 132 (1893). It was there said that general taxes are levied against the entire populace for general protection or services, whereas special assessments proceed on the theory that when a special assessment enhances the value of a particular piece of property that property should pay for its share of the cost. The Court added that an exemption from taxes is simply an exemption from ordinary taxes and not an exemption from special assessments. The Supreme Court further stated that the mentioned distinctions "have been recognized and stated by the courts of almost every State in the Union, and a collection of the cases may be found in any of the leading text-books on taxation."

The numerous cases recognizing the distinction are cited in 14 McQuillin, Municipal Corporations, § 38.01, 10, 13, 14; the author there comments (at p. 10):

> * * * Assessments, as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements, which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived therefrom. Provisions relating to taxation generally are uniformly held not applicable to local assessments or special taxation for improvements.[2] (footnotes omitted)

The Third Circuit has considered this identical question in the case of United States v. Oswald and Hess Co., 345 F.2d 886 (1965). The district court had there given priority to water and sewage charges of Pittsburgh. In holding that the charges were not taxes due on the property but were for serv-

---

1. No doubt it is proper to look to state law as a guide to the nature of the state tax measure. The cases hold, however, that federal law determines whether the subordination clause of Sec. 646 applies.

2. It is of some interest to note that ordinarily special assessments are not deductible for federal income tax purposes. See 5 Mertens Law of Federal Income Taxation, Sec. 27.47, p. 102.

ices rendered the court said (referring to Sec. 646, *supra,*) :

> The statute clearly requires that the liens of the political subdivision be for "taxes due on the property." Whether the charges here are in fact "taxes" we need not decide, for it is clear that they were not "due on the property." The statute contemplates taxes on "specific or particular property," Lehigh Valley Mills, 341 F.2d at 400–401, as opposed to charges for services rendered to the occupants.

> Accordingly, the United States has priority of interest in the property over all water and sewage charges. (345 F.2d at 888).

In the case of In Matter of Lehigh Valley Mills, 341 F.2d 398 (3d Cir., 1965) referred to above it was held that state capital stock tax, corporate loan tax and corporate net income taxes were not taxes due on the property. The clear effect of the court's holding was that the tax must be a property tax; that otherwise the S.B.A. lien is not subordinated. This is the effect also of the Fourth Circuit's ruling in United States v. Clover Spinning Mills Co., Inc., 373 F.2d 274 (1966). Here it was held that ad valorem taxes only are entitled to the waiver contained in Section 646, *supra.* See also W. T. Jones & Co. v. Foodco Realty, Inc., 318 F.2d 881, 887 (4th Cir. 1963).

We consider our own prior decision in Director of Revenue, State of Colorado v. United States, 392 F.2d 307 (10th Cir. 1968) to be highly pertinent. The local taxes which were competing with the S.B.A. lien in that case were sales and withholding. This court there rejected the state's contention that the words of Section 646 "taxes due on the property" embraced taxes owing on, payable from, or enforceable against the property. The holding was that Section 646 was inapplicable.

Consistent with our holding in Director of Revenue, *supra,* and considering the fact that special assessments are almost universally regarded as charges and not as property taxes, we must conclude that these special assessments are not "taxes due on the property to a State." The words of the statute contemplate taxes imposed against all of the property for general governmental purposes. Congress did not intend to subordinate the government's normal priority in favor of a special charge such as we have here based as it is on a benefit to the property.

The city does not seriously contend that it can prevail in the absence of a favorable interpretation of Section 646. Nor could it argue this successfully, for the question of priority of claims in the absence of Section 646 was completely settled in Director of Revenue of Colorado, *supra.* This court there held that federal law governed and that the first in time, first in right rule obtained.

Accordingly, the judgment of the district court is reversed and the cause is remanded with directions to enter judgment for the Small Business Administration.